MARGARET FLYNN, v. CHICAGO GREAT WESTERN RAILROAD COMPANY, Appellant.

**Survival of causes of action:** STATUTES. The statutes providing for the survival of actions do not operate to create new causes of action; but abrogate the common law rule that the death of a party entitled to recover terminates the cause of action.

**Same:** ACCRUAL OF CAUSES OF ACTION. Although a cause of action accrues to one fatally injured through the negligence of another,

though not instantly killed, it is also deemed to have accrued to his personal representatives at the same time.

**Executors and administrators:** ASSIGNMENT OF CAUSES OF ACTION. The legal title to a cause of action for the death of a person resulting from the wrongful act of another vests in the administrator, to be held in trust for the surviving spouse, the children and creditors; and he may assign and transfer the cause of action without an order of court, provided it is done in good faith and those interested in the estate are not thereby deprived of their rights. But where the assignment was to the widow, without consideration, and operated to defeat the rights of children in the estate, she could not maintain an action thereon.

**Same:** CLAIMS: COMPROMISE. An administrator may in good faith compromise a claim against the estate, but he cannot in so doing rob those entitled to an interest in the proceeds thereof by giving the same away.

*Appeal from Tama District Court.*—HON. CLARENCE NICHOLS, Judge.

FRIDAY, MAY 16, 1913.

ACTION for damages resulted in a judgment against defendant, from which it appeals.—*Reversed.*

*Carr, Carr & Evans* and *Willett & Willett,* for appellant.

*Wade, Dutcher & Davis,* for appellee.

LADD, J.—The plaintiff is the widow of William Flynn. His death was caused by the collision of a motor car with a switch engine July 16, 1910. He was defendant's roadmaster, and, upon returning to Marshalltown from the east over defendant's road, he dropped from the motor car on which he was riding shortly before it ran into the tender of a switch engine, which was backing, and ran over him before stopped. Edward Sheridan was appointed administrator of the estate of deceased in April, 1911, and, discovering no other assets of

the estate, immediately executed an assignment of the cause of action for negligently causing the death of decedent to Mrs. Flynn, then a resident of Minnesota. Such assignment was executed without any consideration whatever and without the order or approval of the court, and was in words following:

For value received, I, the undersigned, Edward Sheridan, administrator of the estate of William Flynn, do hereby sell and assign and transfer unto Margaret Flynn the certain cause of action owned by me as administrator, based upon the death of William Flynn on July 16, 1910, caused by the negligence of the Chicago Great Western Railroad Company, and I do hereby authorize the said Margaret Flynn to com- mence action thereon and to prosecute the same and collect the same, all with the same force and effect as I could do as administrator, as aforesaid. The cause of action aforesaid and the negligence aforesaid arises out of a collision between a switch engine belonging to said railroad, and a motor car upon which said William Flynn was riding, and occurred in the yards at Marshalltown, Iowa, the said collision throw- ing the said Flynn from said motor car and killing him. Signed this 19th day of April, A. D. 1911. [Signed] Edward Sheridan, Administrator.

At the same time Mrs. Flynn executed this paper:

Cannon Falls, Minn. April 22, 1911. Received of Ed- ward Sheridan written assignment of the cause of action arising out of the death of my husband, William Flynn, hereby agree to protect said Sheridan from all claims, ex- penses, or costs in connection with the action brought by me thereon, and to pay from any amount recovered, the at- torney's fees heretofore agreed by me to be paid to the firm of Wade, Dutcher & Davis and I hereby exempt said Sheri- dan from any obligation to employ attorneys or to go to further trouble or expense in connection with said claim. [Signed] Mrs. Margaret Flynn.

Decedent left two children, a girl thirteen and a boy elev- en years of age, who are residing with their mother, the plain- tiff. The defendant pleaded that the assignment, as it was

without consideration and had not been ordered or approved by the court, was void, and that the plaintiff was not the real party in interest. Contrary to appellee's contention, this plea in abatement was as authorized by section 3642 of the Code and should have been sustained. In submitting the cause to the jury on the merits, the plea was necessarily adjudged not good.

On the merits of this plea, it is to be observed that section 3443 of the Code exacts that:

All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same.

Section 3444: The right of civil remedy is not merged in a public offense, but may in all cases be enforced independently of and in addition to the punishment of the latter.

Section 3445: Any action contemplated in the two preceding sections may be brought, or the court, on motion, may allow the action to be continued, by or against the legal representatives or successors in interest of the deceased. Such action shall be deemed a continuing one, and to have accrued to such representative or successor at the time it would have accrued to the deceased if he had survived.

These statutes have been construed as not creating a new cause of action but as abrogating the common-law rule by which an existing cause of action is terminated by the death of a party entitled to recover. *Sachs v. City of Sioux City*, 109 Iowa, 224; *Romano v. Capital City Brick & Pipe Co.*, 125 Iowa, 591; *Rietveld v. Railway Co.*, 129 Iowa, 249.

1. SURVIVAL OF CAUSES OF ACTION: statutes.

As decedent survived two hours, the cause of action accrued to him (*Kellow v. Railway Co.*, 68 Iowa, 470), but it is also deemed to have accrued to the personal representative at the same time. *Murphy v. Railway Co.*, 80 Iowa, 26.

2. SAME: accrual of causes of action.

Section 3313 of the Code provides that: "When a wrongful act produces death, damages recovered therefor shall be

disposed of as personal property belonging to the estate of
the deceased, but if the deceased leaves a hus-

3. EXECUTORS
AND ADMINI-
STRATORS : as-
signment of
causes of ac-
tion.

band, wife, child or parent, it shall not be
liable for the payment of debts.'' The legal
title to the chose in action then vested in the
administrator upon his appointment, but this, like title to
all personal property of an estate where there are no cred-
itors, was in trust for the widow and children. *Herriott v.
Potter,* 115 Iowa, 648.

That the administrator might have prosecuted the action
appears from the statutes quoted, but could he transfer it to
another without consideration, or, in other words, give it
away? Notwithstanding the statutes of this state authorizing
the sale of the assets of an estate on the order of court (section
3322, Code), the common-law rule prevails that the adminis-
trator may dispose thereof, including choses in action, and pass
good title without such order. *Everett v. Railway,* 73 Iowa,
443; *Marshall County v. Hanna,* 57 Iowa, 374. Such statutes
are construed to be for the protection of the administrator
and not as a limitation on his power, and this appears to be
the consensus of judicial opinion, though counsel for appel-
lant have cited decisions to the contrary, but these rest on
statutes which in effect prohibit sales in the absence of an
order by the court. *Weyer v. Bank,* 57 Ind. 198; *Wyatt's
Adm'r v. Rambo,* 29 Ala. 510, (68 Am. Dec. 89) ; *Winning-
ham v. Holloway,* 51 Ark. 385, (11 S. W. 579).

Conceding that an administrator may in good faith trans-
fer choses in action for a valuable consideration, it does not
follow that he may rob those entitled to the estate by giving
these away. Whether, had there been no outstanding obliga-
tions, the administrator might have distributed the estate by
assigning the cause of action to the widow and children under
section 3364 of the Code, saying: ''The property itself shall
be distributed in kind when that can be satisfactorily and
equitably done,'' is not now involved, for the assignment was
to the widow and utterly deprived the two children of their

two-thirds interest in the cause of action . See, also, sections 3362, 3363, Code. The administrator's obligation to them was quite as sacred as that to the mother, and, even though what was done may not have been actuated by evil motives, it was a fraud on those entitled to the property of the estate.

Undoubtedly the assignee of an individual or private corporation may maintain an action on an assigned chose in action, even though the transfer were without consideration. *Gere v. Insurance Co.,* 67 Iowa, 272; *Searing v. Berry,* 58 Iowa, 20; *Small v. Railway,* 55 Iowa, 582; *Lehman v. Press,* 106 Iowa, 389. These differ from like transfers by an administrator and possibly other officers, for, as his duty is to conserve the estate for the benefit of those entitled thereto, to dissipate it by giving away the assets is in excess of the powers conferred by his appointment. Otherwise such an officer might distribute the assets of an estate among his friends gratuitously and leave those entitled to the property the poor satisfaction of obtaining reparation through an action on his bond. And this even though the recipients of his illegal bounty were aware, in receiving the gifts, that he was violating the law and betraying a trust. We are not ready to carry the doctrine authorizing the administrator to sell at private treaty to such absurd limits.

The administrator may in good faith compromise such a claim. *Foot v. Railway,* 81 Minn. 493, (84 N. W. 342, 52 L. R. A. 354, 83 Am. St. Rep. 395) ; *Parker v. Steamship Co.,* 17 R. I. 376, (22 Atl. 284, 23 Atl. 102, 14 L. R. A. 414, 33 Am. St. Rep. 869). But he may not rob those en-

4. SAME: claims: titled to an interest in the proceeds thereof
   compromise.
by giving it away. Manifestly such disposition of the assets of the estate is inconsistent with the administrator's obligation to those to whom it belongs, and, as thereby they would be wrongfully deprived thereof, the assignment cannot be regarded as otherwise than void.

We have discovered no authorities on the precise question, and counsel have cited none. *In Re Estate of Radovich,*

74 Cal. 536, (16 Pac. 321, 5 Am. St. Rep. 466), the court held an executor to be without authority to give away the assets of the estate, but in that state disposition thereof is prohibited when not on the order of court. There is nothing in the record indicating that the assignment was to plaintiff as trustee merely to sue in the administrator's behalf, or that of the widow and children, so that this phase of the argument is not pertinent to the issues presented.

For the error in not sustaining but ignoring the plea in abatement, the judgment is *Reversed*.