No. 35,708

Fred Hume, *Appellant*, v. Hugh McGinnis, Duaine Tubbs and Louise Tubbs, *Appellees.*

(133 P. 2d 162)

Opinion filed January 23, 1943.

W. L. *Sayers* and W. P. *Sayers,* both of Hill City, were on the briefs for the appellant.

*William B. Ryan,* of Norton, was on the briefs for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action brought in the name of an insured for the benefit of the insurer to recover from certain alleged tortfeasors the value of an automobile trailer which was destroyed by fire on account of the alleged negligence of the defendants and the full value of which was paid to the insured by the insurer. Judgment was for the defendants. Plaintiff appeals.

The petition alleged that the plaintiff had owned a house trailer and that it was insured against loss by fire; that it was destroyed through the negligence of defendants; that the New Brunswick Fire Insurance Company was liable for the loss under the terms of a policy naming plaintiff as the assured, and that it paid plaintiff the entire amount of the loss. The petition also stated that the action was instituted in the name of the plaintiff but for the benefit of the insurance company.

To this petition the defendants interposed a demurrer on the ground that plaintiff did not have capacity to sue and that the petition did not state facts sufficient to constitute a cause of action against the defendants. This demurrer was sustained.

At the outset it should be stated that there is no question at all about the liability of the defendants under the allegations of the petition. It was alleged that through their negligence the insured's property was destroyed and the insured was fully reimbursed by

the insurer. In such cases the authorities all hold that the insurer is subrogated to all the rights of the insured. It is stated in different ways at times. For instance, occasionally the courts say that by accepting payment from the insurer the insured impliedly assigned its right of indemnity from the party liable to the insured; that it is in the nature of an equitable assignment. (See Harris' Law of Subrogation, p. 410.) Also, see the same text on page 8, where Lord Mansfield is quoted as follows:

"Every day the insurer is put in the place of the insured."

See, also, Sheldon on Subrogation, p. 344.

The insured takes his money from the insurer because it is more convenient and certain, and to avoid inconvenience and uncertainty is one of the reasons he carries insurance. (See *Brown v. Vermont Mutual Fire Insurance Co.*, 83 Vt. 161.)

In other cases the courts have pointed out that the primary liability is against the tort-feasor rather than the insurer.

In other cases the courts have held as follows:

"The application of the equitable doctrine of subrogation and the rule that an insurer indemnifying the insured is entitled to be subrogated to any legal right or claim belonging to the insured at the time of the loss by virtue of which he might have compelled another to compensate him therefor, arises from a recognition that the law of insurance is but a broad extension of the general doctrine of suretyship, and that the contract of insurance is a contract of indemnity." (*Pittsburg, etc., R. Co. v. Home Ins. Co.*, 183 Ind. 355.)

There is no question in this case under the allegations of the petition as to the liability of the tort-feasor in this action to the insurance company for the money it paid out to insured.

There seems to be two general situations having to do with actions of this sort. If the property loss is greater than the amount of insurance paid the action should be in the name of the insured, and the insured holds as much of the judgment recovered as the money paid by the insurer amounts to, in trust for the insurer. This is because the tort-feasor is entitled not to have two suits against him for the same wrong. There is no doubt at all about this being the correct rule. It is universally recognized. There are two people who wish to recover from the tort-feasor—the insured who has not been made whole by the insurer, and the insurer who has been compelled on account of the negligence of the tort-feasor to pay some of its money to the insured.

The other situation is where the amount paid to the insured by the insurer is equal to or greater than the damage. Some authorities

hold that in such a situation the action should be brought in the name of the insured for the use and benefit of the insurer. Some hold that it should be brought in the name of the insurer. The reason given for the latter rule is that in the jurisdictions where it is the rule there is a code provision such as ours in G. S. 1935, 60-401, to the effect that actions must be brought in the name of the real party in interest. These cases say that where the insured has been fully compensated he has no interest in the outcome of the action, and furthermore that the statement in the petition that the action was brought for the use and benefit of the insurer is inconsistent with the above code provision. If the action is brought in the name of one party for the use and benefit of another it is not brought in the name of the real party in interest. The real party in interest is the party for whose use and benefit the action was brought.

Some confusion has crept into our authorities on this question because of two recent holdings. The defendant relies upon *Klingberg v. Atchison, T. & S. F. Rly. Co.*, 137 Kan. 523, 21 P. 2d 405. That case was brought by the insured against the Santa Fe to recover damages because the Santa Fe burned up some of their property. The case was brought in the name of the insured. The theory of the case was that the property was worth more than the insured had received from the insurance company. The Santa Fe pleaded in its answer that the plaintiffs had been fully compensated —hence, they were not the proper parties in interest and on that account had no right to bring the action. The plaintiffs asked to have that allegation stricken from the answer of the defendants and the trial court did strike it, and we held that the trial court erred in that respect. We said that our code required that actions must be prosecuted in the name of the real party in interest and that one who had collected insurance on account of the loss by fire might sue the wrongdoer on his own behalf and that of the insurance company where his loss was more than the amount of the insurance. We then proceeded to quote several cases which held that where the action was brought in the name of a party for the use and benefit of another and the insured had been fully compensated the action should have been brought in the name of the insurer as the real party in interest. Thus this case seemed to recognize that there was a distinction in the rule as to the name in which the action should be brought whether the insured had been fully compensated or only partially compensated. It must be remembered that the action we

are considering was brought in the name of the insured for the use and benefit of the insurer and this is the case upon which the defendant relied in the court below and upon which the court below sustained the demurrer.

The plaintiff relies upon what was said by this court in *St. Paul Fire & Marine Ins. Co. v. Bender,* 153 Kan. 752, 113 P. 2d 1062. In that case the insured's automobile had been destroyed by the tortious act of another. The insurer in that case paid the full amount of the loss and took an assignment of the right of action of the insured against the tort-feasor. The court allowed recovery and when the defendant tort-feasor appealed this court pointed out that the cause of action in tort was not assignable and then stated—

"In a variety of *ex delicto.* cases where a recovery was sought against a wrongdoer, it has been held that the action should be brought in the name of the injured party although he might have been reimbursed in whole or in part by a third party having a lawful interest to protect." (p. 755.)

A number of our decisions were cited to sustain the above rule. It will be noted that in making the above decision this court made no distinction at all as to whether the insured had been fully compensated or only partially compensated. When this decision was announced the insurer in this case made up its mind that this action should be brought in the name of the insured for the use and benefit of the insurer, and proceeded to file this action.

After a study of the two recent cases that are relied on by the parties in this case we have reached the conclusion that there is no real reason for the distinction that has crept into the law whereby in a situation of this sort the action should be brought in the name of the insured when the loss is only partly paid and in the name of the insurer if the loss is fully paid. It is really no concern of the tort-feasor in whose name the action is brought just so he will not be compelled to pay twice for the same loss. There would be no danger of that, whereas here the action is brought in the name of the insured for the use and benefit of the insurer. It follows that the demurrer of defendants should not have been sustained.

The judgment of the trial court is reversed.

PARKER, J., not participating.