No. 38,094

THE HOME INSURANCE COMPANY, Successor by Merger to the Baltimore-American Insurance Company, a Corporation, *Appellee,* v. MARK E. BOEHM and HARVEY LAMAR, *Appellants.*

No. 38,095

JOHN W. HEALZER, doing business as HEALZER CARTAGE COMPANY, *Appellee,* v. MARK E. BOEHM and HARVEY LAMAR, *Appellants.*

(228 P. 2d 514)

Opinion filed March 10, 1951.

*Herbert L. Lodge,* of Olathe, argued the cause, and *Howard E. Payne,* of Olathe, was with him on the briefs for the appellants.

*Leonard E. Thomas,* of Kansas City, argued the cause, and *Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder,* and *Lee E. Weeks,* all of Kansas City; *Chauncey B. Little,* of Olathe, *Dan Boyle,* of Kansas City, Mo., and *Eugene G. Wetzel,* of Overland Park, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: These two cases grow out of a collision between a truck of the Healzer Cartage Company being driven in one direction on a highway and a tractor and car being driven from the opposite direction. The appeal is from an order granting plaintiffs new trials on the question of damages only. The defendants have appealed. The actions were consolidated in the trial court and were submitted together here.

In case No. 38,094, the petition alleged that a truck belonging

to Healzer, doing business as the Healzer Cartage Company, was being driven in a westerly direction on highway No. 50 and defendants negligently caused a collision between a tractor pulling a hayrake belonging to defendant Boehm and an automobile belonging to defendant Lamar, knocking the automobile into the path of the truck, causing its driver to slacken speed and to swerve the truck into the ditch, damaging the truck and its cargo.

The petition alleged Boehm was negligent in that he was with a tractor pulling the hayrake east without lights and Lamar was negligent in that he was driving his car at a high and excessive rate of speed, and Lamar negligently and suddenly turned his automobile into the path of the truck, and he saw, or could have seen, the obliviousness of the truck driver to his peril in time for Lamar to with safety have averted damage to the cargo in the truck by giving some warning sign of his approach or by stopping and by yielding the right-of-way to the truck, but Lamar failed to do so, thereby causing damage to the cargo of the truck.

The petition further alleged that at the time the plaintiff had issued a policy of insurance on the cargo in the truck. The petition then set out the amount of cargo certain firms had in the truck as follows:

"E. S. Cowie Electric Co ........ ............... .......... .... $240 00
Devoe & Raynolds Co., Inc... .. .... .. ... ............... 1673.25
Standard Brands, Inc.. . . ...... .... ..... ... .. . 73 20
U. S. Supply Co ......: . .... .. .... .. ...... .. .. 183 39"

The petition alleged that such cargo was damaged as a result of the negligence of defendants and plaintiff had paid the above firms $2,538.94 and had been assigned their rights.

Judgment was prayed in that amount.

The defendants demurred to this petition on the ground that the plaintiff was an insurer and had no capacity in which to maintain the action. This demurrer was overruled.

Their joint and separate answer was first a general denial and an allegation that if plaintiff sustained any damages it was caused by the negligence of the driver of the truck. The answer also alleged that plaintiff had no legal capacity to sue and the allegations of the petition were not sufficient to constitute a cause of action in favor of the plaintiff and against the defendants.

In case No. 38,095, Healzer filed a petition against the two defendants. The allegations as to negligence were identical with

the allegations in the other case and in addition the plaintiff alleged that his truck and trailer had been damaged in the amount of $3,000 and he had sustained loss of use of it in the amount of $1,000. He prayed for damages against the defendants in the amount of $4,000.

To this petition each of the defendants filed an answer consisting of a general denial and an allegation of contributory negligence on the part of plaintiff and his driver.

To the answer of defendants in each case the plaintiff filed a reply by way of general denial. The actions were consolidated by stipulation.

In advance of the trial the defendants in case No. 38,094 objected to the introduction of any evidence for the reason that the plaintiff had no legal capacity to sue.

In case No. 38,095 defendants made the same objections. In connection with these objections the plaintiffs pointed out that the Home Insurance Company had a policy of cartage insurance with the Baltimore Maryland Insurance Company and that pursuant to the policy the company had paid directly to the several shippers named the amount of their loss and had received from each of them a written receipt authorizing the Baltimore Maryland Insurance Company to institute an action for the amount. These actions were being maintained by the Home Insurance Company, a successor by merger to the Baltimore Maryland Insurance Company. It was agreed that John W. Healzer, doing business as The Healzer Cartage Company, was the assured of the Home Insurance Company, plaintiff in case No. 38,094. These objections to the introduction of the evidence were overruled and it was agreed the cases should be tried. At the close of plaintiff's evidence the demurrer of each defendant to the evidence was overruled. The jury returned a verdict for $1,000 in case No. 38,094 in favor of Lamar. In the case of Healzer, No. 38,095, the jury found in favor of the plaintiff against Boehm and assessed the amount of recovery of $1,250 and found in favor of Lamar. The jury answered special questions as follows:

"1. Did Elmer Reynolds attempt to suddenly stop the truck he was driving. A. Yes.

"2. If question one is answered 'yes,' then state:

    "a. Was Elmer Reynolds confronted with a sudden emergency. A. Yes.

    "b. What caused the sudden emergency, if you find one existed? A. Tractor and Rake attached without lights.

"3. Did Elmer Reynolds negligently operate his truck at the time and place in question? A. No.

"4. If question No. 3 is answered 'yes,' then state in what particulars he negligently operated his truck? A. _____

"5. If question No. 3 is answered 'yes' then also state:

"a. Whether that negligence contributed to the damage to the truck and cargo. A. _____

"b. Whether the negligent act or acts were performed or occurred after a sudden emergency arose and as a result of a sudden emergency. A. _____

"c. Whether Elmer Reynolds acted according to his best judgment as an ordinary reasonable and prudent driver, considering the time within which he had to act and the circumstance. A. _____

"6. Should the Defendant LaMar, in the exercise of ordinary care have seen the hay rake in time to have stopped his automobile and have avoided going over on a portion of the Southwest half of the highway? A. No.

"7. If question No. 6 is answered 'no,' then state why defendant Lamar did not see the hay rake until about fifteen feet therefrom. A. No lights.

"8. What was the reasonable cost or amount of:

"a. Repair of the tractor; A. $200.00.

"b. Repair of the trailer; A. $400.00.

"c. Rental of replacement equipment; A. None.

"d. Value of the cargo loss; A. $1,000.00.

"/s/   R. S. WHITLEY,
"Foreman."

In case 38,095 the plaintiff moved the court to vacate the verdict in favor of Lamar and to grant it a new trial as against Lamar only on account of the abuse of discretion by the court, accident and surprise, plaintiff was not afforded a reasonable opportunity to present his evidence and be heard on the merits of the case, erroneus rulings of the court, erroneous instructions given by the court; that the verdict was contrary to the evidence and for newly discovered evidence. The plaintiff also moved the court for an order entering judgment against the defendant Lamar and granting the plaintiff a new trial on the question of damages only. In support of that motion the plaintiff stated that Lamar was guilty of negligence, which caused the emergency in question, as a matter of law, and plaintiff was entitled to judgment against Lamar, as a matter of law. Plaintiff also filed a motion to set aside the answers to questions 1, 2a, 2b, 3 and 7 and to grant a new trial on the grounds that the answers were not supported by the evidence. Plaintiff also filed a motion for a new trial against defendant Boehm on the question of damages only.

In case No. 38,094 the plaintiff Home Insurance Company filed

an identical motion. The defendant Boehm filed a motion for judgment notwithstanding the verdict for the reason the verdict and pleadings showed him to be entitled to judgment.

The trial court ordered that the jury's answers to special questions 6 and 7 should be set aside, sustained plaintiff's motion for judgment against Boehm on the question of damages only, sustained plaintiff's motion for judgment against Lamar, set aside the verdict in favor of plaintiff, ordered Lamar to pay plaintiff the damages, to which plaintiff was entitled, ordered a new trial for the purpose of ascertaining the amount of the judgment which should be entered against Lamar, overruled Boehm's motion for a new trial, to set aside the verdict and answers to special questions, and for judgment notwithstanding the verdict and overruled defendants' objections to the jurisdiction of the court and to the right of the plaintiff to bring the action.

From this order the defendants have appealed.

Their specifications of error are that the court erred in overruling their demurrer to the petition of the Home Insurance Company, their objection to the introduction of any evidence on behalf of either plaintiff, in overruling their demurrer to the evidence of each plaintiff, in overruling the post-trial motion of defendant Boehm for a new trial and to set aside the verdict and answers to special questions and for judgment notwithstanding the verdict, and in sustaining all of the post-trial motions of the plaintiffs, setting aside the judgment in favor of Lamar, entering judgment in favor of each plaintiff against Lamar, granting a new trial against defendant Lamar on the question of damages only, setting aside answers to special questions 6 and 7 and granting a new trial to defendant Boehm on the question of damages only.

Defendants first argue, their demurrers to the Home Insurance Company's petition should have been sustained because it was not the real party in interest and because the petition actually pleads the assignment of a right of action based on a tort. They argue that an insurer may bring such an action in its own name only when the entire loss has been paid by it, where the entire loss has been paid in part by the insurer and the wrongdoer, or where the insured fails to bring the action in his own name. The statement as to what was pleaded in the petition is hardly correct. No motion was made by the defendants to make this petition more definite and certain— hence it must be given a liberal interpretation in favor of the

pleader. A reasonable interpretation to be given the pleading is that the shippers, whose goods were damaged, had been fully paid for their loss by the insurer. The petition pleads payment and assignment of the rights of the shippers by subrogation. Such were not the allegations of an action based on a tort. The use of the words "by subrogation" indicates that what the pleader had in mind was the relationship of the parties springing from the insurance contract and the duty owed the shippers by the carrier. We dealt with an argument such as this in *Hume v. McGinnis*, 156 Kan. 300, 133 P. 2d 162. There a trailer had been destroyed by fire and the insurer had paid the insured the total amount of the loss. It then began the action against the tort-feasor in the name of the insured. The trial court sustained a demurrer to the petition on the ground that the plaintiff did not have capacity to sue. We first stated that there was no question in the case as to the liability of the tort-feasor to the insurance company for the money it paid the insured. We then reviewed authorities on the question of the name in which the action should be brought in such cases. In conclusion we said:

"After a study of the two recent cases that are relied on by the parties in this case we have reached the conclusion that there is no real reason for the distinction that has crept into the law whereby in a situation of this sort the action should be brought in the name of the insured when the loss is only partly paid and in the name of the insurer if the loss is fully paid. It is really no concern of the tort-feasor in whose name the action is brought just so he will not be compelled to pay twice for the same loss."

(See, also, *City of New York Ins. Co. v. Tice*, 159 Kan. 176, 152 P. 2d 836.)

The trial court ruled correctly in overruling defendants' demurrer to the Home Insurance Company's petition.

Defendants next argue the trial court erred in overruling their demurrer to plaintiff's evidence on the ground that the testimony of the driver of plaintiff's truck showed him to be guilty of contributory negligence as a matter of law. We must examine this question with the rule in mind that we will not weigh evidence and every reasonable inference is to be resolved in favor of the plaintiff. The burden of this argument seems to be that the truck driver was driving with his lights dimmed and on that account could not see far enough ahead to prevent the collision. The answer to this argument is that the truck driver saw the Lamar car approaching, he saw it turn suddenly onto his side of the road; until that happened, there was

nothing in front of him to see. He was not obliged to assume that the Lamar car would do such a thing. The demurrer to the evidence was correctly overruled.

Defendant Boehm next argues that the trial court erred in overruling his motion for a new trial because his objection to the introduction of any evidence in the action where the Home Insurance Company was plaintiff should have been sustained and the verdict was contrary to the evidence. We have heretofore disposed of both these arguments.

The defendants next argue that the trial court erred in sustaining plaintiff's post-trial motions, wherein the verdicts in their favor were set aside, and they were found by the court to be guilty of negligence as a matter of law and the plaintiffs were given a new trial against them on the question of damages only. Lamar points out that the jury in answer to special questions found that Lamar should not have seen the hay rake in time to stop his car and did not see it until fifteen feet away from it. The basis of this argument is that the hay rake had no lights on it and was naturally difficult to see. Hence the rule that one must drive so as to be able to stop within the distance objects become visible by means of his headlights does not apply.

Lamar's own testimony showed he was not over five yards from the hay rake when he first saw it; that he suddenly jerked his car to the left and in doing so collided with the hay rake. He admitted he was driving fifty miles an hour, with the bugs and dust all over his windshield. He denied this hindered his control of the car but the court was entitled to draw its own conclusions about it.

We conclude this was sufficient to warrant the trial court in finding Lamar quilty of negligence as a matter of law.

The judgment of the trial court is affirmed.

HARVEY, C. J. (dissenting): I am inclined to the view that the new trial should be on all the issues.

THIELE, J., concurs in the result.