**JANIS et al. v. KANSAS ELECTRIC POWER CO.**

No. 6616.

United States District Court
D. Kansas.

July 13, 1951.

Carl V. Rice, Harry Miller, Jr., Joseph H. McDowell, and Rice, Miller & McDowell, all of Kansas City, Kan., for plaintiffs.

Raymond F. Rice, Lawrence, Kan., Robert E. Russell, and Doran, Kline, Cosgrove, Jeffrey & Russell, all of Topeka, Kan., for defendant.

MELLOTT, Chief Judge.

The issue, raised by a motion to dismiss, is whether insurance companies, which collectively have paid the whole loss sustained by the original plaintiffs herein as the result of a fire allegedly caused by the negligent act of the defendant, may, after the statute of limitations has run, be joined with the plaintiffs or be substituted for them in this action, to the end that the issue of liability for the fire may be determined.

Summarizing the pleadings, complaint was filed June 23, 1949 by two property owners to recover $10,012.66 as damages alleged to have been sustained as a result of the negligence of the defendant in causing a fire on December 2, 1947. Both plaintiffs being residents of Missouri and the defendant being a Kansas Corporation, diversity of citizenship exists and this court has jurisdiction.[1] Following the service of summons, defendant moved for an order requiring the plaintiff, *inter alia,* to state the total amount of insurance carried, to give the name of each insurer and to state the amount paid by each in settlement of any loss or damage thereunder; also to state and number separately the claim or cause of action instituted by plaintiffs for their own benefit and the claim or cause of action instituted for the benefit of insurers, if any. The motion was not ruled upon; but on October 1, 1949 an amended complaint was filed, Paragraph 9 of which is as follows:

"9. That this action is brought in the name of the plaintiffs who were the assured under certain policies of fire insurance; for the benefit of the companies who were insurers under said policies; that the names of said insurers and amounts of their liability under their policies and the amounts paid by said insurers were as follows:

| Policy No. | Company | Amt. of Pol. | Amount Paid (Bldgs.) | (Rent) |
|---|---|---|---|---|
| 10996 | National Liberty Ins. Co. | $24,000.00 | $4,867.58 | |
| C–5623 | North River Ins. Co. | 29,025.00 | 4,563.36 | $277.50 |
| 2397 | Northwestern Underwriters Agency | 1,500.00 | 304.22 | |
| | | | $9,735.16 | $277.50 |
| | | | | 9735.16 |
| | | Total | | $10,012.66" |

On December 29, 1949 defendant moved to make the three insurance companies "additional parties plaintiffs" "for the reason * * * [they are] the real parties in interest" and that the owners of the property "be withdrawn as parties plaintiffs for the reason * * * [they] are not the real parties in interest." Before the motion was ruled upon and on January 12, 1950, it was withdrawn by the defendant, which then moved to dismiss "for the reason * * * [the complaint] fails to state a claim upon which relief can be granted." The motion was overruled and defendant answered on May 3, 1950.

On December 12, 1949 the Supreme Court decided United States v. Aetna Cas. & Surety Co.[2] It was not called to the court's attention in connection with the presentation of the motion above referred to. After the ruling on the motion, however, the Court of Appeals for this (the Tenth) Circuit, on August 4, 1950 handed down its opinion in Gas Service Co. v.

1. Title 28 U.S.C.A. § 1332.

2. 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171, 12 A.L.R.2d 444.

Hunt.[3] Thereafter the defendant, on October 17, 1950, moved for reconsideration of its motion to dismiss and the motion was granted. On November 25, 1950 a Second Amended Complaint was filed, Paragraph 8 of which reads essentially the same as Paragraph 9 of the First Amended Complaint set out above, the only change of substance being an allegation in the past tense—that the action was brought in plaintiffs' name for the benefit of the insurers—in lieu of the allegation "is brought" in the earlier complaint.

On December 4, 1950 the court granted an oral motion, made on behalf of the three insurance companies, that they be made parties plaintiff and they were given 15 days from that date in which to plead. No additional pleadings were filed in their behalf. They, however, had been joined as plaintiffs in the Second Amended Complaint filed on November 25, 1950.

On December 13, 1950 the defendant moved to dismiss as to the insurance companies "for the reason that the Second Amended Complaint fails to state a claim upon which relief can be granted." Following argument on this motion, the parties were given leave to file briefs and have done so.

▮▮▮ Defendant places its chief reliance upon Gas Service Co. v. Hunt, supra. That case recognizes that in the State courts of Kansas an insured, even though the loss of insured property by fire may have been wholly covered by insurance or partly by insurance and partly otherwise,[4] may, because of his "interest * * * in helping fasten responsibility where it belongs", institute an action for the use and benefit of the insured, holding as trustee the amount recovered up to the amount received under the policy; and it is "no concern of the tort-feasor in whose name the action is brought just so he will not be compelled to pay twice for the same loss."

"The right of action against the wrongdoer is substantive. * * * But the person in whose name the action may be prosecuted for the enforcement of the substantive right is procedural, not substantive."[5] Thus, it was held in the Gas Service Co. case that the trial court had erred in denying a timely motion to make the insurance companies parties to the action, the court saying: "Whether the insured may maintain this action for the use and benefit of the insurers up to the amount paid under the policies or whether the insurers must assert in their own names the claim for such part of the loss is procedural rather than substantive."

The Amended Complaint, in which it is stated recovery is sought by the insured for the benefit of the insurers, was filed within the two year period prescribed by the Kansas statute of limitations.[6] The insurers were not joined as parties plaintiff, however, within the two year period after the fire occurred. Defendant asserts that the original plaintiffs (insured) had no legal authority to institute the action; that being without capacity to sue, no cause of action was pending; and that no amendment can be made, adding new parties in whose favor a cause of action exists, after the bar of the statute has fallen. Plaintiffs contend that the cause of action stated in the Second Amended Complaint is the same cause of action stated in the Amended Complaint; that the Federal Rules F.R.C.P. 15 and 21, 28 U.S.C.A., are liberal in allowing amendments relating back to the date of the original pleadings; and that the amendment does not introduce a new cause of action inasmuch as the same evidence will support both complaints and the same measure of damages will apply to each.[7]

Since the briefs were filed, the Court of Appeals for this (the Tenth) Circuit seems to have settled the questions just alluded

3. 183 F.2d 417.

4. Hume v. McGinnis, 156 Kan. 300, 133 P.2d 162, 164; City of New York Ins. Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 842; 157 A.L.R. 1233.

5. The quotation is from the Gas Service Co. case, supra, 183 F.2d loc. cit. 419.

6. 60–303 and 306, G.S.1935, Id. G.S. 1949.

7. Cf. Porter v. Theo. J. Ely Mfg. Co., D. C., 5 F.R.D. 317.

to in American Fidelity & Casualty Company v. All American Bus Lines, Inc.[8] In that case an action had been instituted by a bus company, characterized by the court as "only a nominal plaintiff." The substituted plaintiff "was the real party in interest for whose benefit the action was brought." The court pointed out that the federal rules "indicate clearly a general policy to disregard narrow technicalities and to bring about the final determination of justiciable controversies without undue delay" and that they should be "liberally construed." In passing upon the issue whether the substitution was barred by the State statute of limitations, it pointed out that the original complaint was filed before the statutory period expired, the claim asserted after the substitution arose out of the conduct, transaction or occurrence set forth in the original complaint, and the complaint, both before and after the substitution, centered around the same pivotal question. It held that the complaint, as amended, related back to the filing of the original complaint and the claim was not barred by limitation.

It is difficult to distinguish the cited case and the case at bar upon their facts. In each an action had been instituted by an insured who had been paid in full by his insurer and hence was no longer the real party in interest; in each the claim asserted arose out of the conduct, transaction, or occurrence set forth in the complaint timely filed; and in each the insurer, which had paid, was the real party in interest for whose benefit the action had been brought. Moreover, the rule in the State courts of Oklahoma (discussed in the cited case) and in the State courts of Kansas seems to be the same—i. e., that the insured may sue for the use and benefit of the insurer,[9] the difference, if any, being in favor of the plaintiffs in this case in that Kansas recognizes the right of the insured to institute such action, even though its loss has been fully recovered from its insurer.

At the risk of unduly extending this discussion, the court adverts to pronouncements by the Supreme Court and the Court of Appeals for this circuit in cases which, at least obliquely, impinge upon the basic questions lurking here. In Guaranty Trust Co. v. York[10] it was pointed out that the intent of Erie R. Co. v. Tompkins[11] was "to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation * * * should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." "The nub of the policy * * * is that for the same transaction the accident of a suit by a non-resident litigant in a federal court instead of in a State court a block away, should not lead to a substantially different result." Later: "The source of substantive rights enforced by a federal court under diversity jurisdiction, it cannot be said too often, is the law of the States. Whenever that law is authoritatively declared by a State, whether its voice be the legislature or its highest court, such law ought to govern in litigation founded on that law, whether the forum of application is a State or a federal court and whether the remedies be sought at law or may be had in equity."

Plaintiffs' right of action in the case at bar is substantive.[12] "(W)e look to local law to find the cause of action on which suit is brought. Since that cause of action is created by local law, the

8. 10 Cir., 190 F.2d 234. See also Id., 10 Cir., 179 F.2d 7.

9. See cases cited in Footnote 1 to American Fidelity & Casualty Co. v. All American Bus Lines, 10 Cir., 179 F.2d 7, 10, especially Harrington v. Central States Fire Ins. Co., 169 Okl. 255, 36 P.2d 738, 96 A.L.R. 859. Cf. Cases cited in Footnote 4 supra.

10. 326 U.S. 99, 65 S.Ct. 1464, 1470, 89 L. Ed. 2079; 160 A.L.R. 1231. Cf. Merchants Transfer & Warehouse Co. v. Ragan, 10 Cir., 170 F.2d 987, affirmed Ragan v. Merchants Transfer Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520.

11. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; 114 A.L.R. 1487.

12. Gas Service Co. v. Hunt, cited in Footnote 3 supra.

measure of it is to be found only in local law. It carries the same burden and is subject to the same defenses in the federal court as in the state court. (Citing cases.) It accrues and comes to an end when local law so declares."[13] Under local law, the suit was properly instituted. Under the federal rules it should be prosecuted to conclusion by the insurers, who are the real parties in interest. Order so providing and overruling the defendant's motion to dismiss should be prepared by counsel for the plaintiffs. Settle in accordance with the Federal Rules of Civil Procedure and this court's Rules of Practice.

13. Ragan v. Merchants Transfer Co., cited in Footnote 10 supra, 337 U.S. loc. cit. 533, 69 S.Ct. loc. cit. 1235.