Edward D. MATTSON, Elizabeth Mattson Berry, William W. Berry, Emma Morgan, C. F. Hellstrom, as Administrator of the Estate of Hanna Sundell, deceased, and C. F. Hellstrom, as Administrator of the Estate of Emma Lind, deceased, Plaintiffs,

v.

CUYUNA ORE CO., an Ohio corporation, Defendant.

No. 5–59 Civ. 32.

United States District Court
D. Minnesota,
Fifth Division.

Oct. 22, 1959.

364

Nolan & Alderman, by Robert R. Alderman, Brainerd, Minn., for plaintiffs.

W. K. Montague, James G. Nye, Philip M. Hanft and Edward T. Fride, Jr., Duluth, Minn. (Nye, Montague, Sullivan & McMillan, Duluth, Minn., of counsel) by James G. Nye, Duluth, Minn., for defendant.

DONOVAN, District Judge.

The above-entitled matter came on for hearing before the Court at a Special Term at Duluth, Minnesota, on September 4, 1959, on two motions. Each party sought relief as follows: (1) Defendant moved to dismiss the action for failure to join indispensable parties, and (2) plaintiffs moved for leave to file an amended complaint.

Plaintiff lessors are suing the defendant lessee for damages, alleging fraud, misrepresentation and breach of contract in connection with certain lease agreements. Defendant's supporting affidavit establishes that certain parties who have an interest in the land have not been joined, and plaintiffs admit this fact in a supporting affidavit. Thus both maintain new parties should be substituted, plaintiffs desiring to do this by amendment and defendant contending that dismissal of the present action should be granted.

Defendant argues that plaintiffs cannot be prejudiced by dismissal, but that defendant will be prejudiced if amend-

ment is allowed, because it will be precluded from asserting a possible statute of limitations defense which it may otherwise have against the new parties in a recommenced action. Defendant further contends that unless the action is dismissed it may be deemed by Rule 12(g) to have waived its right to move for a more definite statement, absent such motion at the present time.

Plaintiffs contend that the eleven parties they seek to add are successors in interest to those to be deleted by amendment, and that the amendment would not cause any other change in the status of the case or in defendant's evidentiary plans.

■ Ordinarily a dismissal should not be ordered for failure to join an indispensable party, but an opportunity should be afforded to bring in such party.[1]

Is the statute of limitations applicable here? Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., states:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Even prior to the adoption of the Federal Rules the United States Supreme Court, by Mr. Justice Holmes, said that where the "defendant has had notice from the beginning that plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist."[2]

■ This Court, by Judge Nordbye, has said that the controlling considerations in applying Rule 15(c) are the general wrong suffered and the general conduct causing the wrong.[3] In the instant case these factors will remain unchanged by amendment. This Court can see no objection to substitution of the plaintiffs here by amendment, nor does it see any reason why such amendment should not, if necessary, properly relate back to the time of filing the complaint. An amendment bearing the names of the correct parties-plaintiff will be allowed.[4]

No jurisdictional allegation appears in either the original complaint or in the proposed amended complaint, so plaintiff will be given the opportunity to remedy this deficiency in its amended complaint.[5]

■■ Defendant has not joined with its motion another moving for a more definite statement. It has expressed doubt as to the theory upon which the complaint of the plaintiffs is framed. Under Rule 12(e), "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading", the motion for a more definite statement may be made. This motion is generally not favored by the courts.[6] However, Rule 21 provides for amendment "on such terms as are

1. Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853, 858, certiorari denied 352 U.S. 927, 77 S.Ct. 226, 1 L.Ed.2d 162; 3 Moore's Federal Practice, § 21.04; 2 Barron & Holtzoff, Federal Practice and Procedure (Rule Edition), § 542 (1958 Supp.).

2. New York Central & H. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 123, 67 L.Ed. 294.

3. Bowles v. Tankar Gas, D.C.Minn., 5 F.R.D. 230, 234.

4. American Fidelity & Cas. Co. v. All American Bus Lines, 10 Cir., 190 F.2d 234, certiorari denied 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642; Janis v. Kansas Electric Power Co., D.C.Kan., 99 F.Supp. 88, affirmed 10 Cir., 194 F.2d 942; De Franco v. United States, D.C. S.D.Cal., 18 F.R.D. 156; 1 Barron & Holtzoff, Federal Practice and Procedure (Rules Edition), § 448 (1958 Supp.).

5. Kern v. Standard Oil Co., 8 Cir., 228 F.2d 699.

6. Rudolph Wurlitzer Co. v. Atol, D.C. Minn., 12 F.R.D. 173.

just." In the instant case considering the comparative diligence of the parties and all of the circumstances, justice would be best served by allowing defendant ten days after the filing of the amended complaint to move for a more definite statement, if in the opinion of defendant's counsel such motion appears proper and necessary.

Based upon the foregoing, defendant's motion for dismissal is denied.

Plaintiffs' motion to amend is granted, subject however, to plaintiffs' serving and filing an amended complaint containing proper jurisdictional allegations within ten days from the date hereof.

Defendant will be allowed ten days following service of the amended complaint within which to move for a more definite statement.

It is so ordered.

Exceptions are allowed.