JACK HUNT, appellee, v. R. C. WRIGHT, appellant.

No. 51511.

(Reported in 131 N.W.2d 268)

NOVEMBER 17, 1964.

H. S. Life of Life, Davis & Life, of Oskaloosa, for appellant.

Robert J. Spayde, of Oskaloosa, for appellee.

THOMPSON, J.—This appeal involves the right of the plaintiff, as agent for a life insurance company, to recover the unpaid

balance of the first-year premium on a policy sold by him to the defendant. The action was at law, and was tried to the court. The result was a judgment for the plaintiff as prayed.

The sole question on this appeal is raised through the defendant's contention that the plaintiff is not the real party in interest, as required by Rule of Civil Procedure 2. It is the defendant's thought that the life insurance company which issued the policy is the real party in interest, and the plaintiff, the active agent of the company, has no right to maintain the suit. We are unable to agree.

Such facts as were in dispute were found by the trial court adversely to the defendant, and it is not contended there was not substantial evidence to support these determinations. It appears that the plaintiff, as a soliciting agent, reached an agreement with the defendant by which the latter purchased a life insurance policy, on which the first annual premium was $773.20. Of this, $400 was paid in cash to the plaintiff at the time of delivery of the policy. It is the remainder of $373.20, with interest, that is at issue here.

The plaintiff paid to the issuing company the sum of $347.94, the amount due it for the first premium. The remainder was plaintiff's commission. His petition, as amended, alleges that he paid the company in full for the first year; and his testimony so states. He also testified that he was responsible for collecting the full premium. He said: "As an agent of the company I have the responsibility of collecting the full premium. * * * Insofar as we were charged with the payment of the policy through my solicitation, we were responsible in that respect. * * * as agent of the company I was responsible for this amount if I didn't collect the full $773.20." All of this testimony came in without objection.

I. The general rule is thus laid down in 3 Am. Jur.2d, Agency, section 338, page 695: "But if the agent has a beneficial interest, he may sue in his own name." We have said: "The law looks beyond the nominal parties to the real parties in interest and determines the case according to the rights of the latter." Ronna v. American State Bank, 213 Iowa 855, 868, 236 N.W. 68, 74. To the same effect is Perley v. Heath,

201 Iowa 1163, 1165, 208 N.W. 721, 722. Both these cases were cited with approval, with quotations, in Jasper Company v. Stergios, 232 Iowa 938, 943, 5 N.W.2d 192, 195.

It must be evident that the agent here had a beneficial interest in the unpaid balance, in fact the only interest. The company had been paid in full for the premium due. This is the case as made by the pleadings and the evidence.

II. More specific cases in point are found in other jurisdictions. In Weisman Insurance Agency v. Bass, 14 La. App. 207, 209, 127 So. 635, 636, a suit by an insurance agency to collect premiums, substantially the same question was raised. The defendant contended that there was no pleading of subrogation of the plaintiff to the rights of the companies, and so he could not recover. The court said:

"The ruling of the court on the first objection, for the reason that the plaintiff had not alleged itself subrogated to the rights of the insurance companies, was correct. Plaintiff alleged that the amount of said premiums was charged against it by the insurance companies, and that it had paid said amount to the insurance companies.

" 'A broker who has become liable for the premium on a policy may recover the amount thereof from the insured though he has not paid the insurer.' And he may sue in his own name [citing authorities]."

In Lamb v. Connor, 84 Wash. 121, 122, 146 P. 174, is this language: "It is quite generally held, in fact it seems to be held in all late cases, that an agent who, in discharge of his obligations to his principal, pays the debt of the other contracting party to his principal may be subrogated to the right of the principal to maintain an action." To the same effect is Waters v. Wandless, Tex. Civ. App., 35 S.W. 184.

We ourselves have quoted with approval from American Exchange National Bank v. Yorkville Bank, 122 Misc. Rep. 616, 627, 204 N. Y. Supp. 621, 631: " 'A party is to be regarded as the real party in interest whenever a payment to him would protect the defendant from the claims of third persons.' " Home Indemnity Co. v. State Bank of Fort Dodge, 233 Iowa 103, 134, 135, 8 N.W.2d 757, 776.

 Here the record shows the third party, the insurance company, has been paid in full by the plaintiff. The undenied testimony of the plaintiff-agent was that he was responsible to the company for collecting the full amount; and that he had not only the right, but the duty, to make such collections. Payment to him would have absolved the defendant from any further liability to the company. We have examined the authorities cited by the defendant, but do not find them in point.

We find no error in the judgment of the trial court.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.