**Kenneth ARCHIBALD, Administrator of the Estate of Mildred Pauline Archibald, Deceased, Appellant,**

v.

**MIDWEST PAPER STOCK COMPANY and Cecil J. Morris, Appellees.**

**MIDWEST PAPER STOCK COMPANY, Cross-Petitioner-Appellee,**

v.

**DART TRANSIT CO., Cross-Petitioner-Appellant.**

No. 52895.

Supreme Court of Iowa.

May 7, 1968.

the estate of Mildred Pauline Archibald, deceased, hereinafter referred to as Archibald; Dart Transit Company, the lessee of the truck involved in the fatal accident, hereinafter referred to as Dart; Cecil J. Morris, driver of the truck, an employee of Midwest loaned to Dart at the time of the accident; and Midwest Paper Stock Company, lessor-owner of the truck, hereinafter referred to as Midwest.

This is the second time these parties have been before us on an interlocutory appeal, the first being Archibald v. Midwest Paper Stock Company, 260 Iowa 1, 148 N.W.2d 460 (1967). Both proceedings involve a claim for damages arising from the same accident. In the prior action Archibald brought suit against Midwest for wrongful death. Subsequently, Midwest was permitted to join Dart pursuant to Rule 34, R.C.P., and filed a cross-petition against Dart for indemnification of any amount that Archibald might recover from Midwest. This cross-petition by Midwest gave rise to the first interlocutory appeal, in which this court held that Midwest was entitled to indemnification from Dart, with Dart having no recourse against Midwest. In the interim Dart's insurance carrier had settled with Archibald for $15,000 and, in consideration therefor, on July 20, 1964, Archibald executed a covenant not to sue and an assignment of all claims which Archibald might have against Dart or Midwest, giving Dart the power and authority "to collect the claims and to bring any actions thereon as fully as the Estate or Administrator might have done had the claims not been assigned."

On January 7, 1965, about six months after settlement with Dart, Archibald commenced the present action against Midwest. About nine months later on September 15, 1965, Archibald made an application in probate stating that he and Dart had reached an agreement whereby he was to share equally in all sums recovered from Midwest in the present action above $15,-000, that Dart was to bear all costs of litigation, and that Dart was to have full control

Pryor, Riley, Jones & Walsh, Burlington, for appellant and cross-petitioner-appellant.

Fred Cromwell, Burlington, for appellee Midwest Paper Stock Co.

LARSON, Justice.

The parties embroiled in this controversy are Kenneth Archibald, administrator of

of the litigation with the power to settle, compromise, or dismiss the case at any time or in any manner Dart chose. On the same date the court ex parte issued its order approving this arrangement.

Shortly thereafter on September 27, 1965, Midwest amended its answer raising as a point of law that the "plaintiff [Archibald] is not the real party in interest who has the capacity to sue under R.C.P. 2," because of the prior assignment to Dart on July 20, 1964. On October 13, 1965, Archibald filed his reply to Midwest's amended answer denying all the allegations thereof.

On February 10, 1967, attorneys for Archibald and Dart filed a motion for adjudication of the law point raised by Midwest's amended answer under Rule 105, R. C.P. The trial court held that Dart, and not Archibald, was the real party in interest. Archibald and Dart then applied for and were granted an interlocutory appeal by this court.

I. In its decision the trial court applied the rule we stated in Hunt v. Wright, 256 Iowa 1378, 1380, 131 N.W.2d 268, 270, that "A party is to be regarded as the real party in interest whenever a payment to him would protect the defendant from the claims of third persons." It recognized the problem here presented was to "analyze the covenant not to sue and assignment" and the effect of the application and order in the Archibald estate proceedings of September 15, 1965.

It recalled that the covenant and assignment was executed about six months before this suit was commenced, that the language of the covenant and assignment clearly stated the Archibald estate agreed to sell and transfer "all of its right, title and interest in and to the claims to the Dart Transit Company * * *", that it conferred upon Dart the right to collect the claims and "to bring any actions thereon as fully as the Estate or Administrator might have done had the claims not been assigned," and that it was well established in Iowa that an administrator may assign a death claim and

vest the assignee with full power to bring an action thereon in the name of the assignee, citing Flynn v. Chicago Great Western Railroad Co., 159 Iowa 571, 141 N.W. 401, 45 L.R.A.,N.S., 1098, and other cases.

It concluded the language used in this covenant and assignment means that "The Archibald Estate is divested of all interest in any claims and Dart is granted the sole authority to bring the action which the Estate might have brought had the claim not been assigned."

II. Plaintiff's position below and here is that an agreement between the attorneys for the estate and Dart, which agreement was referred to in the September 15, 1965, probate application, served to preserve or revive the administrator's right to maintain this action. However, he does not point to any language in the written agreement that would support that conclusion. Nowhere is it contended that a reassignment of the claim had occurred. The trial court observed that plaintiff's probate application itself asserts that Dart and its insurers had purchased from the estate this death claim and that Dart and its insurer "have full and complete control of the lawsuit with full power to compromise and settle the claim and to dismiss the action at any time they choose." It concluded that the estate did not share one "iota" of control, and observed that the possibility of the estate's sharing in the recovery was not very great.

As a basis of appellant's contention that the trial court erred in holding Archibald was not the proper party to maintain this suit, he states that (1) an administrator may sue in his own name without joining the party for whose benefit the action is prosecuted, (2) a deceased's administrator or executor is the only party who can maintain a wrongful death action based on the Iowa survival statute, (3) the right of an administrator to share in recovery is sufficient to make him a real party in interest, and (4) it is no concern of Midwest in whose name the action is brought so long

as it will not be compelled to pay twice. Although these general propositions may be true, we do not find them applicable here.

III. Rule 2, R.C.P., states: "Every action must be prosecuted in the name of the real party in interest. But an executor, administrator, guardian, trustee of an express trust; or a party with whom or in whose name a contract is made for another's benefit, or a party specially authorized by statute, may sue in his own name without joining the party for whose benefit the action is prosecuted." Also see Chapter 613, Code of 1966.

█ In interpreting this rule, we have often stated that a party is the real party in interest whenever a payment to him would protect the defendant from the claims and harassments of third persons. Grings v. Great Plains Gas Company, Iowa, 152 N.W.2d 540, 546; Hunt v. Wright, supra, 256 Iowa 1378, 1380, 131 N.W.2d 268, 270; Grantham v. Potthoff-Rosene Co., 257 Iowa 224, 233, 131 N.W.2d 256, 261; Home Indemnity Co. of New York v. State Bank of Fort Dodge, 233 Iowa 103, 134, 8 N.W.2d 757, 776, and citations. See also 67 C.J.S. Parties § 10; 39 Am.Jur., Parties, § 17.

█ In the case at bar, involved with this rule is the question of who may maintain an action where there has been an assignment of the claim. Although under Rule 2, R.C.P., an administrator may maintain a suit in his name for the benefit of others without joining them, it is equally well settled that an administrator may in good faith assign a claim to a third party. Flynn v. Chicago Great Western Railroad Co., supra, 159 Iowa 571, 141 N.W. 401, 45 L.R.A.,N.S., 1098; Barrett v. Chicago, M. & St. P. R. Co., 190 Iowa 509, 524, 175 N.W. 950, 957, 180 N.W. 670. See also 6 Am.Jur.2d, Assignments, § 35.

Although recognizing the requirement that the action *must* be prosecuted by the real party in interest (Rule 2, R.C.P.), the appellant contends the assignor or subrogor of a claim who retains an interest in that claim is the real party in interest, and this is particularly so when the assignor is the representative of an estate.

█ True, if a party is assigned or subrogated to only a part of the entire cause of action, the assignor or subrogor usually remains the real party in interest. Firemen's Ins. Co. of Newark, N. J. v. Bremner (8th Cir.), 25 F.2d 75; Subscribers at Casualty Reciprocal Exch. by Dodson v. Kansas City Pub. Serv. Co., 230 Mo.App. 468, 91 S.W.2d 227; Shiman Bros. & Co. v. Nebraska Nat. Hotel Co., 143 Neb. 404, 9 N.W.2d 807; Hume v. McGinnis, 156 Kan. 300, 133 P.2d 162; Flor v. Buck, 189 Minn. 131, 248 N.W. 743; Henderson v. Park Central Motors Service, 138 Misc. 183, 244 N.Y.S. 409. See also 96 A.L.R. 875, 157 A.L.R. 1247. Basically, this is premised upon the rule that courts look upon splitting causes of action with disfavor. Van Wie v. United States (8th Cir.), 77 F.Supp. 22; Subscribers at Casualty Reciprocal Exch. by Dodson v. Kansas City Pub. Serv. Co., supra; Grain Dealers Nat. Mut. F. Ins. Co. v. Missouri, K. & T. R. Co., 98 Kan. 344, 157 P. 1187; Kansas City, M. & O. R. Co. v. Shutt, 24 Okl. 96, 104 P. 51. As is exhaustively discussed in Van Wie v. United States, supra, under the minority or English rule, "piecemeal" litigation of claims was approved, and indeed in most instances required, because of the highly-technical common law system of pleading in use at that time. Under that system every particular claim had to fit into a certain mold.

█ Both the Iowa court and the federal court practice indicates there has been a definite trend away from "piecemeal" determination of litigation. Van Wie v. United States, supra; Woodbury v. Porter (8th Cir.), 158 F.2d 194; Iowa Rules of Civil Procedure; Chapter 278, Laws of the 50th General Assembly. We adhere to the modern trend of authority and hold that if a claim is split, for the purpose of determining the real party in interest the cause will be treated as a single cause of action

and the assignor is the proper party to maintain the action. Grings v. Great Plains Gas Company, supra; annotation, 96 A.L.R. 879, 157 A.L.R. 1251; City of New York Ins. Co. v. Tice, 159 Kan. 176, 152 P.2d 836, 157 A.L.R. 1233. On the contrary, if the assignment is full and complete, the assignee is the proper party to maintain the action. Allen v. Newberry, 8 Iowa 65; Thompson v. Damm, 192 Iowa 501, 185 N.W. 115; annotation, 135 A.L.R. 344.

IV. In determining the real party in interest in the case at bar, it becomes necessary to determine whether Archibald split the cause of action by his post-suit revelation or claim that an agreement was reached between himself, as administrator, and Dart, whereby the estate could share in any recovery above $15,000. His covenant not to sue and assignment of July 20, 1964, executed almost six months before the commencement of this action, made no mention of any such retained interest.

The language of this assignment is clear and unambiguous. It stated: "It is further agreed, by and between the Estate and Dart Transit Company, that the above consideration [$15,000] shall further be considered as *full* consideration for *sale* and *assignment* by the Estate to Dart Transit Company of *any and all claims* which the Estate and Administrator may have against the Midwest Paper Stock Co. or Cecil J. Morris. As to these claims, the Estate does hereby sell, assign, transfer, and convey *all* of its *right, title,* and *interest* in and to the claims to the Dart Transit Company, giving and granting *full power and authority* to the Dart Transit Company to collect the claims and to bring any actions thereon as *fully* as the Estate or Administrator might have done had the claims *not* been assigned." (Emphasis added.)

■ Although it may be that if Archibald had expressly retained an interest in the claim he would be the real party in interest, it is clear from the language of the above assignment of July 20, 1964, that the estate and Archibald entirely divested themselves of any interest in this claim which they might have then had. When this action was commenced, only a release from Dart would protect Midwest, and since there had been no alteration or modification of the above instrument, Archibald possessed no claim upon which relief could be granted. He cannot, under this record, be found to be the real party in interest.

■ V. Although plaintiff did not disclose the alleged agreement between Archibald and Dart until the filing of the probate application on September 15, 1965, nine months after the commencement of this action, he asked the court to give him the opportunity to present evidence of his retention of interest in the claim. The court properly denied that request for the reason that a determination of this law question did not involve a factual issue. The wording of the assignment was not in dispute. The meaning of this written instrument was properly determined by the court as a matter of law. As bearing thereon, see Grings v. Great Plains Gas Company, supra, and Johnson v. Johnson, 245 Iowa 1216, 65 N.W.2d 157. Although the existence of a secret or undisclosed interest retention generates an interesting question, we do not find occasion to pass upon it under this record. There is nothing in the record to substantiate the existence of a retained interest prior to the probate application of September 15, 1965, and clearly the agreement is not an indemnity contract. On the other hand, the assignment referred to by plaintiff, which was in effect at the time the action was commenced, appeared complete and referred to no retained interest in the estate. It is well established that a defendant may question whether the plaintiff is the real party in interest when necessary to protect him from harassment, annoyance, or vexation at the hands of other claimants, especially when it appears others have, by contract, the sole right to settle and dismiss the action. Grings v. Great Plains Gas Company, supra, and citations. Under the facts here the assignee

Dart is in a position to start a separate action in its own name and thus subject Midwest to a multiplicity of lawsuits. We hold this was sufficient to permit Midwest to raise the real party in interest question.

We have considered the two cases cited by appellant, i. e., Van Wie v. United States, supra, 77 F.Supp. 22, and Grings v. Great Plains Gas Company, supra, 152 N. W.2d 540. Although we are in accord with the general propositions announced therein, we find they are readily distinguishable from the case at bar. In Van Wie, it is stated that the administrator is the proper party to maintain an action for wrongful death. However, that case is based on subrogation and did not involve an assignment of the wrongful death claim. It does not hold that an administrator may not in good faith, by written assignment, transfer all rights in a death claim to a third party.

Appellant relies heavily on the Grings case to sustain his contention that it is really no concern of Midwest in whose name the action is brought so long as it will not be compelled to pay twice. The Grings case involved an action by plaintiff against the gas company and a dealer for damages sustained when plaintiff's home and contents were destroyed by fire allegedly caused by the negligence of defendant. The defendant attempted to raise the question of real party in interest, alleging that the subrogee, plaintiff's insurance company, and not plaintiff, was the real party in interest. After reviewing the applicable law, this court reaffirmed the well established rule in Iowa that in such cases the insured is the real party in interest and must bring the action to avoid splitting the cause of action. That case did not involve the interpretation of an assignment, but did recognize the rule that a party is the real party in interest when payment to it will protect defendant from suit on the same cause by a third party. This is consistent with our present holding. Midwest here was justly concerned with the question of who was the real party in interest, because a payment to Archibald obviously would not

protect it from Dart under the provisions of the written assignment.

In light of the foregoing, we affirm.

Affirmed.

All Justices concur except BECKER, J., who dissents.