No. 23,361.

HENRY W. WISECARVER et al., *Appellees,* v. CARRIE A. WELLS and DAVID WELLS, *Appellants.*

### SYLLABUS BY THE COURT.

1. WILL—*Devise to Minor Children—Title to Pass When Youngest Child Should Attain Age of Eighteen Years—Action for Unlawful Detention Maintainable by Devisees:* A will gave to the husband of the testator's daughter the use and control of land until their youngest child (a girl) should attain the age of eighteen years, when full title was to pass to the children.  After its probate the district court in granting a divorce awarded to the wife the land referred to until the estate devised ·to the husband should be terminated.  In another part of the decree it was recited that by the will the land had been devised to the husband for a period to be terminated upon the youngest child "becoming of age."  At the time the divorce decree was rendered a girl became of age at eighteen, but this was changed to twenty-one by a later statute. Upon the youngest child attaining the age of eighteen the children

sought possession of the land by a proceeding in unlawful detainer against their mother. It is held that the proceeding was maintainable and that in order for the plaintiffs to recover it was not necessary for the decree in the divorce case to be vacated or modified.

2. UNLAWFUL DETENTION—*Trial—Form of Oath to Jury.* The act relating to civil procedure before justices of the peace provides that in a forcible entry and detainer case the jury shall be sworn to well and truly try and determine whether the complaint is true according to the evidence. The general provision of the civil code is that the jury shall be sworn to well and truly try the matters submitted to them in the case in hearing, and a true verdict give according to the law and evidence. It is held that, assuming that where a forcible entry and detainer case is tried in the district court on appeal the jury should be sworn in accordance with the first formula, the second includes its substance and its use is not a ground of reversal.

3. SAME—*Rulings on Evidence Not Erroneous.* Rulings excluding evidence are held not to have been erroneous.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed April 9, 1921. Affirmed.

*John W. Adams, William J. Wertz,* both of Wichita, and *Henry W. Schumacher,* of El Dorado, for the appellants.

*George W. Benson,* and *T. A. Kramer,* both of El Dorado, for the appellees.

The opinion of the court was delivered by

MASON, J.: On appeal from a justice of the peace in a proceeding for unlawful detainer judgment was rendered by the district court in favor of the plaintiffs, and the defendants appeal.

The plaintiffs are the five children of James B. Wisecarver and his wife (whose maiden name was Carrie A. Harrison and whose present name is Carrie A. Wells), and T. A. Kramer, a purchaser of a portion of their interest. The defendant is Carrie A. Wells, her husband, David Wells, being joined because of that relationship. The complaint, which was filed October 12, 1920, alleged substantially these facts:

The land in controversy was owned at the time of his death by the father of Carrie A. Wells. He died in April, 1909. His will, which was duly probated, gave to his son-in-law, James B. Wisecarver, the use, income and control of the land until the youngest child of the marriage of James B. Wisecarver and

Carrie A. Wisecarver should attain the age of eighteen years, when the full title should pass in equal shares to all the children of such marriage. No other children were born to James B. Wisecarver and his wife than the five plaintiffs, the youngest of whom, Vida E. Wisecarver, was eighteen years old on October 4, 1920. On March 16, 1910, James B. Wisecarver was divorced from his wife, the decree giving her the use and control of the land referred to until his estate therein should be terminated. The decree contained a recital that the court found that the land by the will of William Harrison had been devised to James B. Wisecarver "for a period which was to be terminated upon the youngest child born to plaintiff and defendant becoming of age." The right of Carrie A. Wells to the possession of the land ceased when Vida E. Wisecarver reached the age of eighteen years, but she continued to hold it, refusing delivery upon due demand.

1. The defendants assert that in order to support a judgment for the plaintiffs it was necessary that the decree in the divorce case should be vacated or modified, and therefore, neither the justice of the peace nor the district court on appeal had jurisdiction of the matter, and the case should have been dismissed on this account, or a demurrer to the plaintiffs' evidence should have been sustained. We do not think any modification of the decree in the divorce case was essential to the result reached. The will under which all the parties claim was probated in Illinois. It provided that the title to the property should pass to the plaintiffs when Vida E. Wisecarver was eighteen years old. The divorce decree contained a recital in the form of a finding that the land had been devised to James B. Wisecarver for a period ending upon Vida E. Wisecarver "becoming of age." At the time the decree was rendered (March 16, 1910) by the law of both Illinois and Kansas a female child became of age at eighteen, and the phrase "becoming of age," as applied to the law as it then existed, was of the same practical effect as "becoming eighteen years old." In this state the age of majority for women was afterwards changed to twenty-one years. (Laws of 1917, ch. 184, § 1.) The divorce decree adjudged that the award of the land and its use as therein provided (that is, its control by the defendant, Carrie A. Wells) should continue until the estate therein de-

vised to her husband James B. Wisecarver by the will of William Harrison (her father) should be terminated. That estate terminated upon Vida E. Wisecarver reaching the age of eighteen. We do not attach any importance to the circumstance that in the recital relating to this fact the phrase "becoming of age" was used instead of "becoming eighteen years of age," the effect at that time being the same. It is perfectly apparent that it was not the purpose or effect of the decree to change the disposition of the land made by the will. To decide that the plaintiffs in the present proceeding were entitled to the possession of the land it was not necessary that the judgment in the divorce action should be vacated or modified. At most it merely required to be interpreted, and the true meaning in view of the entire record is too plain to admit of a doubt.

The court permitted the plaintiffs to introduce in evidence a certified copy of the will. The defendants complain of this ruling on the ground that the judgment in the divorce case amounted to an adjudication of the contents and meaning of the will. The copy of the will had no tendency to contradict or vary the terms of the divorce decree, and was competent for the purpose of explaining and interpreting it. (15 R. C. L. 1051-1053.)

In the course of its charge to the jury the court told them in effect that in the divorce case the district court could only award to the wife such interest in the land as was derived by her or her husband under her father's will. The defendants complain of this as amounting to an instruction that the divorce decree was in part void. It was rather a statement— as we think, a correct one—of the effect of the decree. The defendants asked an instruction that as the plaintiffs had pleaded both the will and the divorce decree and the two were inconsistent, they should be bound by the terms of the decree, that being the least favorable to them. As already indicated we hold that there was no inconsistency. The defendants also asked an instruction which included a statement that the divorce decree gave to Carrie Wells the right to occupy the land until Vida E. Wisecarver became of age. This was rightly refused for the reasons already suggested.

In the statement of facts in the defendants' brief it is said that Carrie A. Wells in reliance upon the decree in the divorce

,case claimed the right until Vida E. Wisecarver should be twenty-one years old to exercise authority over her person and property, and to hold possession of the land; that the notice to quit given as a basis for the present proceeding was signed as the next friend of such minor by one who had not been appointed as her guardian. In the argument however no attack is made on the sufficiency of the notice. A discussion of this question would therefore be superfluous. We regard the notice, however, as sufficient.

All the objections so far considered are unavailing for the reason that they are based upon the contention, which we hold to be unsound, that because in the judgment which transferred to the wife the interest in the land derived by her husband from her father's will that interest was described as terminating when the youngest child became of age, the plaintiffs cannot enforce their right to the possession of the land until the judgment in the divorce case has been vacated or modified, and this can only be done in an action begun originally in a court having general equitable powers.

2. The forcible entry and detainer statute provides that the jury shall be sworn "to well and truly try and determine whether the complaint (of the plaintiff), about to be laid before them, is true according to the evidence." (Gen. Stat. 1915, § 7872.) The defendants complain because in the district court on appeal the jury were sworn "to well and truly try the matters submitted to them in the case in hearing, and a true verdict give according to the law and the evidence," according to the general form in civil cases (Gen. Stat. 1915, § 7184). Assuming, but not deciding, that the oath prescribed for the justice court should be used in the district court on appeal we think the substance of the specific formula is contained in the general one and that no prejudice could result from the substitution.

3. Complaint is made of the rejection of evidence offered by the defendants that one of the plaintiffs (Rachael D. Wilson) was residing with the defendant Carrie A. Wells on the land, and was therefore a tenant in common with her. The purpose of offering the evidence was to give a basis for invoking the rule that one tenant in common cannot maintain an action for possession against another unless excluded from occupancy by him. The fact that Rachael D. Wilson had been living upon

the land as a guest of Carrie A. Wells during its rightful occupation by the latter, and that no physical change was made upon the expiration of her right, did not create the relation of tenants in common between them in any sense that would make the rule referred to applicable. When Vida E. Wisecarver became eighteen years of age the rights of Carrie A. Wells ceased and her five children became the absolute owners of the property. Complaint is also made of the refusal of the court to admit evidence that Rachael D. Wilson had stated that she had not authorized the bringing of the proceeding. The evidence was properly rejected. If it had been desired to challenge the authority of the attorney conducting the plaintiffs' side of the case to represent her therein the statute provides a direct method. (Gen. Stat. 1915, § 483.) Declarations on the subject made by her out of court had no bearing on the issues on trial.

The judgment is affirmed.