No. 31,014.

Anna M. Klingberg, W. A. Klingberg and Paul Klingberg, *Appellees*, v. The Atchison, Topeka & Santa Fe Railway Company, *Appellant*.

No. 31,015.

Fred Anstaett, *Appellee*, v. The Atchison, Topeka & Santa Fe Railway Company, *Appellant*.

(21 P. 2d 405.)

Opinion filed May 6, 1933.

*William R. Smith, Alfred A. Scott, Charles J. Putt,* all of Topeka, and *A. K. Stavely,* of Lyndon, for the appellant.

*Ralph T. O'Neil, John D. M. Hamilton* and *Barton E. Griffith,* all of Topeka, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: These actions, consolidated for the purposes of this intermediate appeal, were begun by plaintiffs to recover damages for the destruction of an elevator and two warehouses situated on and near defendant's railway right of way in Osage City.

In case No. 31,014 plaintiffs, as owners of these properties, charged that their destruction was negligently caused by fire communicated by an engine operated by defendant. They also alleged that the fair value of the destroyed elevator was $4,500; that one of the warehouses similarly destroyed was of the value of $1,250 and that damages to the extent of $300 were likewise done to their second warehouse. Plaintiffs prayed judgment for $6,050 and for attorneys' fees.

The railway company's answer contained a general denial and also contained three paragraphs of matters which may be summarized thus:

In paragraph 3 it was pleaded that plaintiffs had no legal right to maintain the action because they were not the real parties in interest; that the elevator and warehouses were covered by various insurance policies aggregating $5,000; that the sum of these policies had been paid to plaintiffs, and that the insured properties did not have a value exceeding the amount of the insurance thus paid to plaintiffs.

In paragraph 4 defendant alleged that adjacent to the elevator and in possession of plaintiffs' tenant there was a shed in which

cobs, elevator dust and refuse in large quantities were permitted to remain, and these materials were subject to ignition by spontaneous combustion; that this shed was open at one end; that these conditions created a fire hazard susceptible to ignition by persons smoking pipes, cigars or cigarettes, and that the open condition of this shed furnished a harbor for tramps and other indigent persons having no business on the premises; and—

"That the fire which destroyed the elevator originated in said shed or addition so negligently maintained by said Anstaett, who was the tenant of the plaintiffs."

In paragraph 5 defendant alleged that counsel representing plaintiffs in this action were never employed or retained by them, but were retained and employed by the several insurance companies which had carried the insurance on the properties destroyed by the fire, and that those companies could have no claim for attorneys' fees against defendant.

In case No. 31,015 plaintiff, as tenant of the elevator and warehouses, among other matters not now important, alleged that he had grain and grain products stored in the elevator of the value of $8,631.97; that these were destroyed by the fire, except a salvage value of $348.10. He prayed judgment for $8,283.87 and for attorneys' fees.

Defendant's answer in case No. 31,015 contained a general denial; also three paragraphs of the same trend as those outlined above— that the grain and grain products were covered by insurance policies aggregating $7,000, which had been paid to plaintiff; that the amount so paid was full compensation for all loss sustained by plaintiff; and in consequence plaintiff was not the real party in interest and had no right to maintain the action. The other two paragraphs of the answer were substantially as summarized in case No. 31,014.

On motion of plaintiffs these paragraphs 3, 4 and 5 in each of the answers were stricken on the ground that neither of them nor all of them together would constitute a ground of defense to plaintiffs' separate actions, and that the matter contained therein was incompetent, irrelevant, immaterial or prejudicial.

The railway company brings this ruling here for review. Meantime the trial court has stayed further proceedings.

1. Touching the defense that plaintiffs had been fully compensated for their loss by insurance and in consequence that they were

not the real parties in interest, it would seem that this was a pertinent issue of fact which could not be got rid of by a motion to strike. Our code requires that actions must be prosecuted in the name of the real party in interest. (R. S. 60-401.) It has been held that one who has collected insurance on account of a loss by fire may sue the wrongdoer on his own behalf and that of the insurance company where his loss was more than the amount of the insurance. (*Insurance Co. v. Cosgrove,* 85 Kan. 296, 116 Pac. 819, 86 Kan. 374, 121 Pac. 488, 41 L. R. A., n. s., 719, and note; *Clark v. Missouri Pac. Rld. Co.,* 134 Kan. 769, 8 P. 2d 381.) Although this court has not hitherto been called to rule squarely on the converse of this proposition, its existence was recognized in *Railroad Co. v. Insurance Co.,* 59 Kan. 432, 53 Pac. 459, where it was said:

"When the amount of the loss does not exceed the amount of the insurance, so that satisfaction by the insurer fully compensates the assured, the right of action against the wrongdoer vests wholly in the insurer, and he may, indeed must, under our code, as the real and only party in interest, undertake the maintenance of the action for his reimbursement." (p. 434.)

In *Waters v. Schultz,* 233 Mich. 143, it was held:

"Where an action was brought in the name of a party for the use and benefit of another, defendant's motion to dismiss the case for want of the proper party in interest should have been granted, the provision of the statute requiring that the action shall be brought in the name of the real party in interest being mandatory."

In *Joy Floral Company et al. v. Norris,* 34 Ga. App. 796, the action was by the owner of an automobile for damages against the owner of a truck which had collided with plaintiff's car through the negligence of the operator of the truck. In the course of the trial it developed that prior to the commencement of the action plaintiff had received from an insurance company which had insured his automobile for loss caused by collision the full amount of damages he had sustained. It was then held that since plaintiff had no beneficial interest in the action it could not be maintained unless the petition were amended and the action brought for the use and benefit of the insurer. In the same case it was said:

"That evidence strongly tended to show that the owner of the automobile had been settled with in full by the insurance company, that he had received the full value of his property, and that he had no beneficial interest whatever in the pending suit; and it should have gone to the jury, with appropriate instructions from the court." (Syl. ¶ 2.)

In 8 Couch on Insurance, § 2091, the divergent rules of practice

in a score of jurisdictions governing cases like those at bar were summarized and fortified with footnotes and citations.

This court holds that the matter alleged in paragraph 3 of defendant's answers was properly pleaded and not subject to plaintiff's motion to strike, and the trial court's ruling thereon was erroneous.

2. Concerning the facts alleged in paragraph 4 of the answer, counsel for defendant now interpret it to plead a defense of contributory negligence, but a critical examination of its text does not warrant that construction. There is an intimation that the fire might have been caused by trespassers, by smokers, by tramps, or by spontaneous combustion. But none of·these merely speculative intimations could properly be construed as a plea of contributory negligence. We, therefore, conclude that no error inheres in the ruling of the trial court striking paragraph 4 from the answer.

3. Passing next to the propriety of eliminating paragraph 5, in which defendant sought to raise a question of the authority of counsel to appear for plaintiffs in these actions, the pertinent statute reads:

"The court may, on motion, for either party, and on the showing of reasonable grounds therefor, require the attorney for the adverse party, or for any one of several adverse parties, to produce or prove, by his own oath or otherwise, the authority under which he appears, and, until he does so, may stay all proceedings by him on behalf of the parties for whom he assumes to appear." ' (R. S. 7-107.)

A critical examination of the statute just quoted indicates that the challenge of authority of an attorney appearing in a lawsuit shall not be captiously made. The fact of his appearance is *prima facie* evidence of his authority. (*Whipple v. U. P. Rly. Co.,* 28 Kan. 474, 481.) Before he can be called on to produce or prove his authority the challenger must make a reasonable showing to justify this requirement. The statute also provides that when the question of an attorney's authority is raised, on a proper showing of reasonable .grounds, the court may stay all proceedings by him on behalf of the parties for whom he assumes to appear until his authority is produced or proved by his own oath or otherwise. It therefore appears that the matter pleaded in paragraph 5 of the answers did not belong there. The pleadings in an action for damages are for the purpose of formulating issues of fact to be tried by a jury; and certainly the statute (R. S. 7-107) does not contemplate that the question of an attorney's authority to represent his client shall be a jury question. Indeed, the statute provides for a

stay of all proceedings (which would include a stay of the jury trial itself) until the matter of the attorney's authority is established.

This statute was briefly but pointedly construed in *Wisecarver v. Wells,* 108 Kan. 842, 847, 197 Pac. 219, where the late Mr. Justice Mason, speaking for the court, said:

"Complaint is also made of the refusal of the court to admit evidence that Rachael D. Wilson had stated that she had not authorized the bringing of the proceeding. The evidence was properly rejected. If it had been desired to challenge the authority of the attorney conducting the plaintiffs' side of the case to represent her therein the statute provides a direct method. (Gen. Stat. 1915, § 483.) Declarations on the subject made by her out of court had no bearing on the issues on trial." (p. 847.)

It seems clear that paragraph 5 was properly stricken from defendant's answers.

It follows that these causes should be remanded to the district court with instructions to reinstate the third paragraphs of defendant's answers, and for further proceedings consistent herewith.

Reversed in part and affirmed in part.