No. 37,725

Oscar E. Mehl and George E. Mehl, doing business as Mehl Bros. Sheet Metal Works, *Appellees,* v. Orvil W. Carter, doing business as Carter Auto and Electric Supply, *Appellant.*

and

No. 37,724

Harry M. Boyd and Irene Boyd, F. G. Morris and Belva Morris, doing business as Downtown Pontiac, *Appellees,* v. Orvil W. Carter, doing business as Carter Auto and Electric Supply, *Appellant.*

(212 P. 2d 227)

Opinion filed December 10, 1949.

*Jay W. Scovel,* of Independence, and *A. R. Lamb,* of Coffeyville, argued the cause, and *Clement A. Reed,* of Coffeyville, was with them on the briefs for the appellant.

*John F. O'Brien,* of Independence, argued the cause, and *John W. Hudson* and *Harold J. Toner,* both of Kansas City, Mo., and *O. L. O'Brien,* of Independence, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Harvey, C. J.: While these cases were presented together in the trial court and consolidated and heard together here, we think it best to deal first with case No. 37,725. The legal question presented by the appeal pertains to the right of plaintiffs to maintain the action as the real parties in interest and arose as follows:

In their second amended petition plaintiffs alleged that on February 5, 1948, and for some time prior thereto, they were doing business at 807 Union street in the city of Coffeyville under the name

of Mehl Bros. Sheet Metal Works; that adjoining their place of business on the north defendant was doing business at 805 Union street as Carter Auto and Electric Supply; that on February 5, 1948, defendant negligently caused or permitted a fire to originate in his place of business, which spread to the business of plaintiffs, resulting in damages to the plaintiffs in the sum of $17,570.03. Acts of negligence were detailed as well as the property destroyed or damages making up the sum for which the action was brought. Defendant's demurrer to the petition was overruled and he answered, denying seriatim the acts of negligence alleged; and further answering, in paragraph 3, alleged "that plaintiffs have no legal right to maintain this action because they are not the real parties in interest. That the damages alleged and set up by the plaintiffs in their petition was fully covered by insurance policies, and said damage, if any, sustained by said plaintiffs by reason of said fire have been fully paid by said insurance companies, . . ." Plaintiffs moved to strike from the answer all of paragraph 3 (and another not material here) for the reason that it was irrelevant, immaterial and incompetent, and in the alternative asked for an order requiring defendant to make the paragraph more definite and certain in several particulars. This motion was heard by the court and overruled. No appeal was taken by plaintiffs from that order. Later the plaintiff filed a reply consisting of a general denial.

Thereafter plaintiffs filed a "Motion for an order to determine questions of law in advance of trial and in alternative for separate trial on questions of law and fact." This set out that plaintiffs in their petition had asked for damages in the sum of $17,570.03; that defendant, in paragraph 3 of the answer, claimed that plaintiffs had been fully compensated for their damages and therefore were not the real parties in interest, and recited "plaintiffs hereby offer to stipulate the following amounts," aggregating $15,564.19, which had been paid by the several insurance companies. The motion continued:

"Plaintiffs further state to the court that this action is brought and maintained by them for the use and benefit of their insurance companies to the extent that said insurance companies have been required. to compensate plaintiffs for their losses. That in the event plaintiffs recover any sums of money from defendant, that they will hold as trustee for said insurance companies in respect to such part of the money recovered as the insurance companies have been compelled to pay plaintiffs."

It moved the court to determine in advance of trial:

"1. In view of the pleadings and the statements and the admissions contained herein, does paragraph 3 of defendant's answer constitute a valid defense in this action?

"2. Whether or not at the trial of this action the court will admit evidence in support of paragraph 3 of defendant's answer?

"In the event the court determines that paragraph 3 of defendant's answer constitutes a valid defense in this action and that at the trial of this action the court will admit evidence in support of paragraph 3 of defendant's answer, plaintiffs move the court for an order requiring a separate trial to determine the issue of whether plaintiffs are or are not the real parties in interest."

The motion was not verified, and defendant did not accept plaintiffs' offer to stipulate. After a hearing upon this motion the court made findings as follows:

"1. The court finds that the plaintiffs have stated and admitted in court that a portion of their loss has been compensated by their insurance companies; that this action is brought and maintained by them for the use and benefit of their insurance companies to the extent that said insurance companies have been required to compensate them for their losses; that in the event that plaintiffs recover any sums of money from defendant that they will hold as trustee for said insurance companies in respect to such part of the money recovered as the insurance companies have been compelled to pay plaintiffs.

"2. The court further finds that in view of said admissions, allegations and statements, that plaintiffs are real parties in interest within the meaning of section 60-401 General Statutes of Kansas, and have a right to maintain this action in their own names.

"3. In view of the pleadings, the statements and admissions contained in plaintiffs' motion to determine questions of law in advance of trial, paragraph 3 of defendant's answer to plaintiffs' third amended petition, does not constitute a valid defense in this action. That paragraph 3 of defendant's answer to plaintiffs' third amended petition is irrelevant, immaterial and prejudicial, that therefore paragraph 3 of said defendant's answer should be ordered stricken.

"4. That upon the trial of this action, evidence in support of paragraph 3 of defendant's answer to plaintiffs' third amended petition will not be admitted."

Judgment was rendered in harmony with these findings and defendant has appealed from the findings and judgment.

The correctness of the court's ruling in refusing to strike paragraph 3 from defendant's answer is not before us, since plaintiffs have not appealed therefrom. It may be said, however, the ruling of the court was in accord with our holding in *Klingberg v. Atchison T. & S. F. Rly. Co.*, 137 Kan. 523, 21 P. 2d 405.

While subdivided into separate points for argument, appellant's over-all contention is that the court erred in making the findings and reaching the judgment from which the appeal is taken upon the unverified motion of plaintiffs, which included an offer to stipulate, which was not accepted, and at a hearing at which no evidence was offered. The point is well taken. We have no occasion here to write a thesis upon the question of how a plaintiff should bring an action in tort for damages to his property, which was insured. The matter is discussed at length in 26 C. J., Fire Insurance, §§ 629 to 638, and 46 C. J. S., Insurance, §§ 1209 to 1215, inclusive, where many cases are cited, including all, or substantially all, of our own. Appellees cite us to no case, and our own research has disclosed none, in which the procedure used in this case was followed in the trial court and approved on appeal. Our General Statutes 1935, chapter 60, so far as here pertinent, provides that an action must be prosecuted in the name of the real party in interest (§ 401); that all parties having an interest in the subject matter of the action and in obtaining the relief sought may be joined as plaintiffs (§ 410); if one refuses to join as a plaintiff he may be made a party defendant (§ 412), and that as a matter of practice the question, if shown by the petition, may be raised by demurrer; but if it does not show on the face of the petition it may be raised by answer. In this case the defect did not show upon the face of the petition and was raised by answer.

From what has been said the judgment of the trial court should be reversed. It is so ordered.

In case No. 37,724 plaintiffs were conducting a business at 801 Union street in the city of Coffeyville adjoining the place of business of the defendant on the south. Their property was damaged in the same fire mentioned in case No. 37,725 and the plaintiffs brought the same kind of an action against defendant. The decision here is controlled by the decision in case No. 37,725.

The judgment of the trial court is reversed.