No. 38,532

STATE OF KANSAS, ex rel., DALE H. CORLEY, as County Attorney of and for Finney County, Kansas, and THE STATE BOARD OF MEDICAL REGISTRATION AND EXAMINATION OF KANSAS, *Appellee*, v. V. A. LEOPOLD, D. O., *Appellant*.

(240 P. 2d 138)

Opinion filed January 26, 1952.

*Milton Zacharias*, of Wichita, argued the cause, and *Vincent F. Hiebsch, Kenneth H. Hiebsch, J. R. Sheedy, Yale W. Gifford, Richard A. Render,* and *David W. Enoch,* of Wichita, and *Wm. Easton Hutchison, C. E. Vance, Clifford R. Hope, A. M. Fleming,* and *Bert J. Vance,* of Garden City, were with him on the briefs for the appellant.

*Blake A. Williamson,* of Kansas City, argued the cause, and *Harold R. Fatzer,* attorney general, *Charles A. Hobart,* assistant attorney general, *Dale E. Saffels,* county attorney, and *Clark H. McPherson,* of Garden City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court striking a substantial portion of appellant's defense from his answer.

A brief statement of facts follows: This action was instituted jointly by the state of Kansas on relation of Dale H. Corley as county attorney for Finney County, Kansas, and the State Board of Medical Registration and Examination of Kansas to enjoin the appellant, V. A. Leopold, D. O., from the alleged unlawful practice of medicine and surgery. The petition alleges that one Monroe Hubbell entered the hospital at Garden City, Kansas, owned and operated by the appellant, and that thereafter, despite the protest of one Ella Glassell, mother of Monroe Hubbell, appellant removed Monroe's tonsils; that a local anesthetic was used and that thereafter penicillin was administered. The petition further alleges that performance of the tonsillectomy and administration of the drugs constituted an unlawful practice of medicine and surgery in violation of the laws of the State of Kansas.

Appellant's answer consisted of a general denial, certain specific denials and for further answer, and in the alternative as a full and complete defense (in the event it should hereafter be determined that the acts, or any of them, of the appellant, complained of in the petition, constituted a technical violation of any of the laws of the state of Kansas) alleged:

a. That the treatment of the said Monroe Hubbell by this Defendant was obtained as a part of a conspiracy to entrap this Defendant into an alleged violation of the laws of the State of Kansas.

b. That said conspiracy was formulated by R. J. Maxfield, M. D., Garden City, Kansas, and Gervais F. Reed, Manager Garden City Daily Telegram, Garden City, Kansas, and other sundry persons including sundry law enforcement officers (responsible for the enforcement of the statutes in question) the exact names of which are unknown to this Defendant, who by means of false and malicious statements and representations to the said Ella Glassell, conspired to induce this Defendant to furnish the proper osteopathic treatment (now complained of) for the said Monroe Hubbell, son of Ella Glassell, for the sole purpose of instituting this action against this Defendant.

c. That if the proper osteopathic services furnished for the benefit of the said Monroe Hubbell constituted any violation of any laws of the State of Kansas, then that such violation occurred only by reason of a calculated plan

of entrapment on the part of the said R. J. Maxfield, M. D., and Gervais F. Reed, and sundry other persons including sundry law enforcement officers (responsible for the enforcement of the statutes in question) the exact names of which are unknown to this Defendant, and as such cannot constitute the basis of the purported cause of action attempted to be set out in the Petition filed herein.

Appellees then filed a motion to strike appellant's defense of entrapment above set forth. The motion to strike was sustained by the trial court and this appeal followed.

The sole question presented to this court is whether the trial court erred in striking from defendant's answer the defense set forth in (a), (b) and (c) above. At the outset it might be stated that under the circumstances we need not discuss whether the facts and proof will eventually establish the allegations contained in appellant's answer; the question before this court at this time is one of right under the statutes to plead a defense. This court has always adhered to the rule that a defendant in an action may set forth in his answer a statement of any new matter constituting a defense, and may set forth as many grounds of defense, counterclaim, setoff, and for relief as he may have whether they be such as have heretofore been denominated legal or equitable or both. (G. S. 1949, 60-710; Hatcher's Kansas Digest, Pleadings, § 103.)

We have stated many times, as will be disclosed by the cases cited under section 60-710, that a defendant has a right to form his pleadings so as to meet such conditions and contingencies of the case as his opponent might possibly attempt to prove. (*Funkhouser Equipment Co. v. Carroll*, 161 Kan. 428, 168 P. 2d 918; *Kennedy v. Monroe*, 165 Kan. 168, 173, 193 P. 2d 220.)

It will be noted that no question was raised as to the sufficiency of allegations in the answer by a motion to make more definite and certain. Kansas long ago adopted the statutory rule of liberal construction of pleadings. G. S. 1949, 60-736 reads:

"In the construction of any pleading, for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

(See also *Campbell v. Kansas Power & Light Co.*, 165 Kan. 134, 193 P. 2d 177; *Owens v. Deutch*, 156 Kan. 779, 137 P. 2d 181, and cases therein cited, pp. 783-4).

In construing the above statute, this court has repeatedly held that where a demurrer is filed to a pleading or a motion to strike a pleading on the ground that it does not state a cause of action or

defense without first presenting a motion to have the allegations of the pleadings made more definite and certain, the allegations of such pleading will be liberally construed in favor of the pleader.

In view of the liberal construction given to defendant's answer, do the allegations hereinbefore set forth as stricken allege facts sufficient to constitute the defense of entrapment? We think they do. Defendant alleged a conspiracy to induce defendant to violate the laws of Kansas and that the conspiracy was formulated by the parties set forth therein including sundry law enforcement officers responsible for enforcement of the laws of the state.

This brings us to the important question whether the defendant can plead entrapment as a defense to his action in this state. This court has recognized the rule that entrapment may be pleaded as a defense to an action as early as the year 1894 in the case of *State v. Stickney,* 53 Kan. 308, 36 Pac. 714, and as late as the year 1945 in the case of *State v. Herschberger,* 160 Kan. 514, 163 P. 2d 407. See also *State v. Lovell,* 127 Kan. 157, 272 Pac. 666; and *Sorrells v. United States,* 287 U. S. 435, 77 L. Ed. 413, 53 S. Ct. 210, 86 A. L. R. 249, which held that the defense of entrapment was available to a defendant.

It is not the function of this court at this time to decide whether the defense of entrapment as pleaded by the defendant can be proved on trial of the action, but rather whether it was available as a defense. The question of evidence or proof as to the facts therein alleged is not before us, but merely the right to plead a defense under the code of civil procedure. It is paramount in our system of justice that defendant be given the right to plead all available defenses and an opportunity to present his evidence in the light of those defenses. We are of the opinion that the allegations of the answer sufficiently plead the defense of entrapment and that the trial court was in error in striking the defense so pleaded.

The judgment of the lower court is reversed with instructions to reinstate the stricken portion of defendant's answer.