No. 38,438

WILLARD CAMPBELL, *Appellee*, v. GERALD CAMPBELL (Revived in the name of LOREN JOHN CAMPBELL, Special Administrator of the Estate of Gerald Campbell, deceased), *Appellant*.

(243 P. 2d 197)

Opinion filed April 12, 1952.

*John Bergland, Jr.,* of Clay Center, argued the cause and was on the briefs for the appellant.

*C. K. Sayler,* of Topeka, argued the cause, and *L. M. Ascough* and *Harry K. Allen,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action by a son against his father to recover for damage to the son's automobile as a result of being compelled "to take to the ditch" in order to avoid a head-on collision with an automobile driven by the father as the two cars approached each other from opposite directions at the crest of a hill. The theory of plaintiff's case was that defendant was driving "in the middle of the road," thus forcing plaintiff to swerve his car abruptly to the right in order to avoid a collision. The cars did not hit.

Defendant's theory, as alleged in his answer, was that both he and plaintiff were driving in the middle of the road, but that plaintiff had ample room to pass defendant's car without going into the ditch, and that plaintiff was guilty of contributory negligence in seven particulars, among them being excessive speed.

Defendant's answer further alleged:

"For further answer, defendant alleges that plaintiff has no legal right, or appointment of authority, to maintain this action because he is not the real party in interest; and, further, said plaintiff has no beneficial interest herein and has been fully compensated for the damages caused by said accident, by the Farmers Insurance Exchange, a foreign corporation, whose home office is Los Angeles, California."

Plaintiff moved to strike this allegation on the ground that even if true it would not constitute a legal defense to plaintiff's cause of action.

This motion was sustained.

The case was tried by the court without a jury, resulting in a judgment for plaintiff in the sum of $572.60.

Defendant's motion for a new trial being overruled, he has appealed, and specifies as error the rulings of the court (1) in sustaining the motion to strike the quoted allegation from the answer; (2) in overruling the demurrer to plaintiff's evidence; (3) in rendering judgment for plaintiff; and (4) in overruling the motion for a new trial.

Defendant died subsequent to the appeal and it has been revived in the name of the special administrator of his estate.

In their brief counsel for plaintiff (who did not represent plain-

tiff in the court below) advise us concerning the nature and type of automobile insurance policy allegedly carried by plaintiff. However, since those matters do not appear in the record they must be disregarded. In passing upon the propriety of the lower court's action in striking from the answer the allegation above quoted we confine ourselves to the pleadings as they appear.

The code (G. S. 1949, 60-401) requires that every action be prosecuted in the name of the real party in interest.

The stricken portion alleged that plaintiff was not the real party in interest. The petition contained no allegations tending to indicate that he was not — therefore the question was not one to be raised by demurrer. It was properly a matter to be raised by answer, as was done. (*Gibbs v. Central Surety & Ins. Corp.,* 163 Kan. 252, 181 P. 2d 498; *Hill v. Leichliter,* 168 Kan. 85, 211 P. 2d 433, and *Mehl v. Carter,* 168 Kan. 342, 345, 212 P. 2d 227.)

In *Klingberg v. Atchison, T. & S. F. Rly. Co.,* 137 Kan. 523, 21 P. 2d 405, the action was one to recover damages for the destruction by fire of an elevator and warehouse property alleged to have been caused by the negligent operation of defendant's railway engine. An allegation in the answer to the effect that plaintiffs' loss was fully covered by insurance, that they had collected the full amount thereof and therefore were not the real parties in interest and could not maintain the action, was stricken on plaintiffs' motion. This court held such ruling to be erroneous and that it was proper for defendant to plead such allegation as a defense.

The Hill case, *supra,* was an action to recover for the destruction of standing wheat allegedly caused by a fire started when defendant drove his automobile through plaintiffs' partially harvested wheat field. The answer alleged that plaintiffs had fire insurance coverage on their wheat, that they were compensated in full for their loss and therefore were not the real parties in interest. Plaintiffs' motion to strike this allegation was overruled. We approved such ruling and held that it was a proper defense.

By the code (G. S. 1949, 60-710) a defendant may set forth in his answer as many grounds of defense as he may have. (*State, ex rel., v. Leopold,* 172 Kan. 371, 240 P. 2d 138.) That a party plaintiff is not the real party in interest is a proper defense. The effect of the ruling in question was to deprive defendant of such defense, and under the rule announced there can be no question

but that it was error for the court to sustain the motion to strike.

Counsel for plaintiff concede the point but contend that the error was a harmless one and that under the facts of this case could not and did not result in any prejudice, particularly in view of the fact that (as it is argued) the trial court and counsel for both sides knew that plaintiff was covered by a "fifty-dollar deductible" policy and that he had been compensated for the full amount of his claim, less the sum of $50 which he himself had paid. However, as heretofore stated, those matters are not a part of the record and will not be considered.

In view of our ruling it becomes unnecessary to discuss other alleged errors. The judgment of the lower court is reversed with directions to reinstate in the answer those allegations erroneously stricken, and for further proceedings consistent herewith.