No. 38,639

HARRY SMITH, doing business as PARSONS LIVESTOCK COMMISSION COMPANY, *Appellee,* v. GUSSIE LAFORGE, HARVEY MAXWELL, doing business as MIDWEST LIVESTOCK COMMISSION COMPANY, and NEW YORK CASUALTY COMPANY, *Appellants.*

No. 38,640

HARRY SMITH, doing business as PARSONS LIVESTOCK COMMISSION COMPANY, *Appellee,* v. GUSSIE LAFORGE and NEW AMSTERDAM CASUALTY COMPANY, a Corporation, *Appellants.*

(244 P. 2d 211)

Opinion filed May 10, 1952.

In case No. 38,639, *T. D. Hampson,* of Fredonia, and *Jack L. Goodrich,* of Parsons, argued the cause and were on the briefs for the appellants.

*Earl Bohannon,* of Parsons, argued the cause, and *J. Logan Shuss,* also of Parsons, was with him on the briefs for the appellee.

In case No. 38,640, *Henry W. Buck* and *William A. Rundle, Jr.*, both of Kansas City, Mo., and *John B. Markham*, of Parsons, were on the briefs for the appellants; *Morrison, Hecker, Buck, Cozad & Rogers*, Kansas City, Mo., of counsel; and *Columbia, Markham & Smith*, Parsons, of counsel.

*Earl Bohannon*, of Parsons, argued the cause, and *J. Logan Shuss*, also of Parsons, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: The question in these consolidated appeals is one of pleading, and concerns the propriety of the lower court's ruling in striking certain allegations, set up by way of defense, from each of the separate amended answers of the defendants. The question and issues are common to all parties and the cases will be treated as one.

This is the second appeal in this case. (*Smith v. LaForge*, 170 Kan. 677, 228 P. 2d 509.) There the appeal was by plaintiff from an order sustaining defendants' demurrers to the second amended petition on the grounds that it did not state facts sufficient to constitute a cause of action in favor of plaintiff and against each demurring defendant, and that the pretended cause of action was barred by the three-year statute of limitations. We reversed that ruling and held that the original petition, which was filed within three years from the date the cause of action accrued, stated a cause of action, and that the additional allegations of the second amended petition merely amplified and enlarged the averments contained in the original petition and therefore related back to the date of filing of such original one.

Following that decision each of the defendants filed a separate amended answer to the second amended petition. Each of these answers set up a number of defenses, among them being the following two paragraphs:

"This defendant, further answering, and for a further and separate defense, states that this action against this defendant, if any, accrued under a bond required by Title 7, Section 204, U. S. C. A. of the Packers and Stockyards Act of 1921, as amended, and as alleged in plaintiff's second amended petition, and that the right given plaintiff thereunder is barred by Title 7 of the U. S. Code, Section 210, Paragraphs A, B, C, D, E, and F.

"Further answering, this defendant alleges that this court is without jurisdiction of the subject matter of this action."

Plaintiff's motion to strike those paragraphs from each of the answers was sustained, and defendants have appealed.

In support of the lower court's ruling plaintiff contends the defense attempted to be set forth in the two stricken paragraphs should have been presented to the trial court and urged upon this court in the former appeal; that defendants cannot be allowed to settle the law of a case "piecemeal"; that defendants are bound by "the law of the case," and having urged on the former appeal that the three-year Kansas statute of limitations applied cannot now urge that the action is barred by the federal statute of limitations, and that the district court of Labette county does have jurisdiction of the case. In other words, it is argued the question is now *res judicata*, and authorities are cited to the effect that where a case is decided by this court the decision becomes the law of the case for all subsequent proceedings, not merely as to the points expressly considered and decided but also as to all questions necessarily involved in the decision.

Defendants recognize the force of that rule as an abstract proposition but argue that as the matters now under consideration were in no way involved in the former appeal the rule has no application.

We think the latter contention is well taken. In the first place, the question in the former appeal was whether the three-year or five-year Kansas statute of limitations applied. We held that inasmuch as plaintiff had originally stated a cause of action within the three-year period it was unnecessary to determine the precise question. The matters now before us, from the striking of which the present appeal was taken, were neither presented to nor decided by this court in the former appeal. They were in no way involved in our former decision.

There is still another reason why we think defendants should be permitted to plead those allegations which were stricken. G. S. 1949, 60-710, provides that:

"The defendant may set forth in his answer as many grounds of defense, . . . as he may have, whether they be such as have been heretofore denominated legal or equitable, or both."

(See also *State, ex rel., v. Leopold,* 172 Kan. 371, 240 P. 2d 138, and *Campbell v. Campbell,* 172 Kan. 640, 243 P. 2d 197.)

In other words, as plaintiff's motion to strike amounts in legal effect to a demurrer to those allegations which were stricken, and since the question is one of law rather than one of what proof of facts would establish, the question therefore resolves itself into

whether the stricken allegations constitute a valid defense to the action.

As the decision in the former appeal turned on the question whether the original petition stated a cause of action, the second amended petition was not set out verbatim in the opinion. However, what was there said concerning its contents, as the result of the sustaining of various motions directed against previous petitions, is incorporated herein by reference.

From a reading of the second amended petition we think there can be no question but that the action is one to recover upon a bond required by 7 U. S. C. A., § 204, as amended, commonly referred to as the Packers and Stockyards Act. Liability of defendants is predicated upon a breach of the obligations and conditions of the bond required by §§ 201.27 to 201.36 of the Rules and Regulations promulgated by the United States Department of Agriculture found at pages 249 and 250 in the Code of Federal Regulations, 1949 Edition, cited as 9 CFR. One of those conditions, as set forth in § 201.29, is that the principal "pay when due."

Section 209 (a) of the Act provides that if any stockyard owner, market agency or dealer violates any of the provisions of certain enumerated sections of the Act or of any order of the Secretary made under certain other sections of the Act he shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of such violation.

It is to be noted that section 204 of the Act, which made necessary the filing of the bond upon which this action was brought, is among those enumerated sections.

Section 209 (b) provides:

"Such liability may be enforced either (1) by complaint to the Secretary as provided in section 210 of this chapter, or (2) by suit in any district court of the United States of competent jurisdiction; *but this section shall not in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.*" (Our italics.)

Section 210 (a) of the Act provides that any person complaining of anything done or omitted to be done by any defendant stockyard owner, market agency or dealer in violation of those provisions or orders of the Secretary enumerated in section 209 (a) may at any time within ninety days after the cause of action accrues apply to the secretary by a petition which shall briefly state the facts,

whereupon such complaint shall be forwarded by the secretary to the defendant, who shall be called upon to make satisfaction thereof or to answer the same in writing within a reasonable time to be specified by the Secretary. If the complaint is not satisfied within the time specified or there appears to be reasonable ground for investigating the same it is made the duty of the Secretary to make such investigation in such manner and by such means as he deems proper.

Paragraph (c) of section 210 makes provision for an independent investigation by the secretary on his own motion as to any matter concerning which a complaint is authorized to be made to him by any provision of sections 201 to 217, inclusive, of the Act, and that official is further granted the power to make and enforce any order or orders in the case or relating to the matter or thing concerning which the inquiry is had, except orders for the payment of money.

In other words, it would appear that the secretary is not empowered to enforce an order for the payment of money.

Paragraph (e) of section 210 provides that if after hearing on a complaint the Secretary determines that the complainant is entitled to an award of damages he shall make an order directing the defendant to pay the complainant the sum to which the latter is entitled on or before a day named.

Paragraph (f) of section 210 provides:

"If the defendant does not comply with an order for the payment of money within the time limit in such order, the complainant, or any person for whose benefit such order was made, may within one year of the date of the order file in the district court of the United States for the district in which he resides or in which is located the principal place of business of the defendant or in any State court having general jurisdiction of the parties, a petition setting forth briefly the causes for which he claims damages and the order of the Secretary in the premises. . . ."

Defendants contend that as plaintiff's action is one to recover on a bond required by section 204 and the regulations promulgated thereunder, he is bound to pursue his remedies for any alleged breach of the conditions of the bond in accordance with those remedial provisions of sections 209 and 210, *supra,* and that failure to do so provides defendants with a meritorious defense which they should be allowed to plead.

On the other hand, plaintiff argues that under the italicized portion of section 209 (b), *supra,* his common law or statutory right

to bring the action in the state court and under Kansas statutes of limitation is in no way abridged by the Federal Act.

We are unable to agree with plaintiff's contention in this respect. In the first place, plaintiff's cause of action did not arise under the common law. The liability here sought to be enforced is clearly one created by statute, that is, section 204 of the Act and rules and regulations promulgated thereunder. It is not logical to assume that the federal enactment creating the liability and making provision for its enforcement should, by the use of the *italicized* language found in section 209 (b), be destroyed. In *Texas & P. R. Co. v. Abilene Cotton Oil Co.,* 204 U. S. 426, 51 Law. Ed. 553, at page 561, the Supreme Court of the United States had this to say in construing similar language:

"But it is insisted that, however, cogent may be the views previously stated, they should not control, because of the following provision contained in § 22 of the act to regulate commerce, *viz.*: '. . . Nothing in this act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies.' This clause, however, cannot in reason be construed as continuing in shippers a common-law right, the continued existence of which would be absolutely inconsistent with the provision of the act. In other words, the act cannot be held to destroy itself. The clause is concerned alone with rights recognized in or duties imposed by the act, and the manifest purpose of the provision in question was to make plain the intention that any specific remedy given by the act should be regarded as cumulative, when other appropriate common-law or statutory remedies existed for the redress of the particular grievance or wrong dealt with in the act."

In other words, the clause in question is to be construed as being cumulative, that is, in addition to other appropriate common law or statutory remedies *already existing* for the redress of the particular wrong dealt with in the Act. We have already pointed out that the bond and the liability thereon exist *only by virtue of the federal statute involved.* It therefore follows that the remedies provided by the Federal Act are exclusive.

It follows, then, that under section 209 of the Act an action such as this must be filed in a federal court unless it is elected to proceed under section 210, which, as pointed out *supra,* provides for the procedure through the Secretary of Agriculture, and further provides that if that official's order for the payment of money is not complied with, action may be brought within one year of the date of the order in the proper federal court or in any state court having general jurisdiction of the parties.

In other words, plaintiff had the alternative of filing suit in the federal court under section 209, or proceeding under section 210. He did neither. By the provisions of section 209 the state court therefore would not have jurisdiction of the action, and, with respect to section 210, assuming the state court had jurisdiction, still the action would be barred on account of plaintiff's failure to make the complaint to the Secretary of Agriculture within ninety days from the accrual of his cause of action and then bring suit thereon within the one-year period.

From what has been said it therefore follows that the allegations in question constituted a valid defense to plaintiff's action, and the court erred in striking them from the separate amended answers. The judgment of the lower court is therefore reversed as to each appeal.