No. 38,910

THE ELLIS CANNING COMPANY, a Corporation, *Appellant*, v. INTERNATIONAL HARVESTER COMPANY, a Corporation, *Appellee*.

(255 P. 2d 658)

Opinion filed April 11, 1953.

*James E. Smith*, of Topeka, argued the cause, and *Arthur L. Claussen*, of Topeka, was with him on the briefs for the appellant.

*Ralph W. Oman*, of Topeka, argued the cause, and *James A. McClure, Robert L. Webb, Philip E. Buzick, Robert A. McClure*, and *James D. Waugh*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action by an insured for the use and benefit of the insurer to recover the amount of a fire loss from a third party for alleged negligence causing such loss. The appeal is from rulings of the trial court on plaintiff's motion to strike and its demurrer to the third paragraph of the defendant's answer.

The facts of the case are of little importance to a decision of the

issue involved and there is no dispute between the parties regarding the contents of the pleadings which can be stated in summary fashion.

In its petition plaintiff alleged that in furnishing service on its tractor defendant negligently started a fire in that vehicle resulting in damage amounting to $479.79; that plaintiff was insured in The Potomac Insurance Company against the loss, under a policy containing a subrogation clause; that it had been paid in full for the amount of its loss; and that it had commenced and was maintaining the action to recover such amount in its own name for the use and benefit of the insurance company.

Defendant's amended answer denied *seriatim* all acts of negligence set forth in the petition; admitted all allegations of that pleading respecting insurance, the amount of the loss, and the fact such loss had been fully paid by the insurance company; and then, in the third paragraph thereof, after admitting plaintiff was seeking to bring the action as claimed in the petition, alleged and charged, that since plaintiff was seeking to recover the amount paid to it by the insurer as full compensation for the loss of the tractor, the insurance company was the real party in interest and plaintiff had no legal right to maintain the action.

Plaintiff's motion to strike paragraph three of the answer and its demurrer to the same paragraph of that pleading, each based upon the premise the facts stated in such paragraph were insufficient to constitute a defense to the action or show that plaintiff was not the real party in interest and hence had no legal right to maintain it, were overruled by the trial court This appeal followed.

The appellant insists, the appellee concedes, and we agree, the sole question involved is whether the insured (appellant), after having been paid the full amount of its loss, is a real party in interest and legally entitled to maintain this action, for the use and benefit of the insurer, to recover such loss from the party (appellee), whose negligence is alleged to be responsible therefor. The question thus raised is not new in this jurisdiction and we frankly concede is one on which there is apparent conflict in our decisions.

Subject to certain exceptions, not here involved, our statute (G. S. 1949, 60-401) requires that "every action must be prosecuted in the name of the real party in interest." Given its common and accepted meaning, particularly where—as here—it must be conceded the appellant is no longer directly interested in the subject

matter of the litigation, it would seem that, in and of itself, language of the statute would compel a negative answer to the question now under consideration. Nevertheless, as we have previously indicated, such question cannot be disposed of so easily in view of certain of our decisions.

Notwithstanding, earlier decisions (see *Railroad Co. v. Insurance Co.*, 59 Kan. 432, 53 Pac. 459, and *Klingberg v. Atchison, T. & S. F. Rly. Co.*, 137 Kan. 523, 21 P. 2d 405) holding that in the situation disclosed by the pleadings in the case at bar the insurer is the real and only party in interest and must undertake the maintenance of the action for his reimbursement, it must and should be frankly admitted that in *Hume v. McGinnis*, 156 Kan. 300, 133 P. 2d 162, and in *City of New York Ins. Co. v. Tice*, 159 Kan. 176, 152 P. 2d 836, as appellant contends, we held the insured might maintain the action in his own name for the use and benefit of the insurer. Be that as it may it must be conceded, that fully aware of the rule announced in those cases, we have repudiated what was there said and held with respect to such rule and now recognize and adhere to the doctrine that under the facts and circumstances disclosed by such pleadings an insured who has been fully paid for his loss is not the real party in interest, within the meaning of that term as used in 60-401, *supra*, and hence cannot maintain an action to recover the amount of such loss in his own name for the use and benefit of the insurer. Conversely stated, the rule now recognized and applied is that under the confronting conditions and circumstances the right of action against the alleged wrongdoer vests wholly in the insurer who, under the statute, 60-401, *supra*, may, and indeed must, bring the action as the real and only party in interest if one is to be maintained. (See *Campbell v. Campbell*, 172 Kan. 640, 243 P. 2d 197; *Hill v. Leichliter*, 168 Kan. 85, 211 P. 2d 433; *Mehl v. Carter*, 168 Kan. 342, 212 P. 2d 227.)

It would serve no useful purpose and we are not disposed to burden our reports by a detailed review and analysis of the decisions to which we have heretofore referred. Nor are we inclined to attempt to distinguish, harmonize, or reconcile what is there said and held. It suffices to say that we have carefully reviewed and examined all of such decisions and are convinced the rule announced and followed in our three latest decisions just cited is sound and should be adhered to. Therefore, *Hume v. McGinnis*, supra, is overruled, and whatever is said and held in *City of New*

*York Ins. Co. v. Tice,* supra, which may be properly construed as holding that an insured owner may maintain an action for the use and benefit of the insurer when the former's loss has been fully paid and satisfied is disapproved.

Based on what has been stated and the conclusions heretofore announced we hold, that under the facts and circumstances disclosed by the pleadings in the instant case, the trial court did not err in overruling the appellant's motion to strike the challenged portions of appellee's answer or the demurrer lodged against the same allegations of that pleading.

The judgment is affirmed.