No. 40,363

State of Kansas, *Appellee*, v. L. J. Merklinger, *Appellant*.

(303 P. 2d 152)

Opinion filed November 3, 1956.

G. I. *Robinson*, of Ellinwood, argued the cause and was on the briefs for the appellant.

*Paul E. Wilson*, assistant attorney general, argued the cause and *John Anderson, Jr.*, attorney general, and *Robert E. Southern*, county attorney of Barton county, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, C. J.: Defendant, a licensed liquor dealer, was convicted on two counts of selling liquor on premises not described in his license, and of selling liquor on Sunday. He appeals.

Defendant operated a retail liquor store under a license from the Alcoholic Beverage Control in connection with a hotel. An agent for the Control registered at his hotel on October 30, 1955, in the evening. That day was Saturday. He bought two half pints of liquor from the defendant in his store that evening. He told defendant he had come to the hotel to go duck hunting the following

morning. He stayed all night at the hotel. The next morning, being Sunday, he accosted defendant in an upper room of the hotel and stated he was about to leave town and would like to have a pint of liquor to take with him. The defendant and agent went downstairs to a locker maintained in the office of the hotel (not a part of the liquor store) and the defendant handed the agent a pint of Tom Moore liquor, for which the agent paid him $2.85. At the time he handed the liquor to the agent and the agent handed defendant the money, the agent disclosed his identity and put the defendant under arrest. This prosecution followed.

All these events happened on Sunday morning. Defendant was tried and convicted on two counts, as already stated. He appealed to the district court, where he was again convicted on two counts. The defendant by various motions, including one for a new trial, raised constitutional and other defenses. These motions were all. overruled—hence this appeal.

The specifications of error are that the court erred in overruling defendant's motion to strike; in overruling his motion to quash the complaint; in overruling defendant's objection to the introduction of evidence; in overruling his motion for directed verdict and discharge of defendant; in refusing defendant's request for instruction on entrapment; and in overruling his motion for a new trial.

The defendant argues in this court the following constitutional questions: (1) Do G. S. 1949, 41-315 and 41-712, state a public offense?; (2) Are they criminal in nature?; (3) Are violations of them described by the legislature to be misdemeanors of which justice of peace courts have jurisdiction?; (4) Are such sections in such a vague and ambiguous language as to be unconstitutional?; (5) Are the acts made unlawful, prohibited, and provisions made for the penalty? He quotes G. S. 1949, 41-315, as follows:

"Retail licenses issued hereunder shall apply only to the premises described in the application and in the license issued thereon, and only one location shall be so described in each license. After such retail license has been granted for particular premises in any city, the director, upon proper showing, may endorse upon the license permission to abandon the premises, but in order to obtain such permission the retail licensee shall file with the director a request in writing, and a statement under oath which shall show that the premises to which removal is to be made comply in all respects with the requirements of this act. No such removal shall be made by any licensee until his license has been endorsed to that effect by the director."

Counsel argues this statute makes no reference to a penalty but

only states how the location of the liquor store may be changed. The conclusion drawn from that section is not quite adequate.

G. S. 1949, 62-102, provides as follows:

"A public offense, within the meaning of this or any other statute, is any act or omission for which the laws of this state prescribe a punishment."

G. S. 1949, 62-106, provides as follows:

"Any person charged with the commission of a public offense shall be liable to be arrested and proceeded against in the manner hereinafter provided."

The language of the complaint is in part as follows:

". . . unlawfully and wilfully, sell intoxicating liquor, to-wit: one pint of Tom Moore Whiskey, six-years old, at a place and on premises which were not described in his retail liquor license then and there existing in violation of Section 41-315 of the General Statutes of Kansas, 1949."

". . . intoxicating liquor, to-wit: one pint of Tom Moore Whiskey, six years old, on the first day of the week, commonly called Sunday, in violation of Section 41-712 of the General Statutes of Kansas, 1949."

The language of G. S. 1949, 41-315, has already been stated in this opinion.

G. S. 1949, 41-712, is as follows:

"No person shall sell at retail any alcoholic liquor: . . . (2) on the first day of the week, commonly called Sunday; . . ."

Also note G. S. 1949, 41-902:

"Any person who shall violate any provision of this act for which a penalty is not otherwise specifically provided shall upon conviction of any such violation be fined not to exceed five hundred dollars ($500) or by imprisonment not to exceed six (6) months or by both such fine and imprisonment."

The section is part of the liquor control act. Obviously the legislature intended that any violation of the provisions of the liquor control act should be punished as above. Defendant had a license to sell intoxicating liquor but only in the store for which the license was issued. The argument of appellant is not good.

The defendant next argues that the court erred in its refusal to direct a verdict for his acquittal. If the jury believed the evidence of the agent, which it had a right to do, such was ample to sustain a verdict.

Defendant next argues that the trial court erred in refusing to give instructions on entrapment.

This court has long been committed to the rule that the defense of entrapment has but limited application in cases involving surreptitious sales of liquor. (See *State v. Driscoll*, 119 Kan. 473, 239

Pac. 1105.) This became the rule during the days when so much of the time and attention of law enforcement officers was devoted to the enforcement of the prohibitory law. About the only way evidence could be obtained against a hip pocket bootlegger was by means of an under-cover agent buying liquor from him.

We see no reason to relax the rule now that the problem is one of a regularly licensed dealer violating the law with reference to sales.

Defendant argues that our opinion in the case of *State, ex rel., v. Leopold,* 172 Kan. 371, 240 P. 2d 138, had the effect of overruling the Driscoll opinion. We have again examined both these opinions and have reached the conclusion they are easily distinguishable.

The judgment of the trial court is affirmed.