Carl HAUETER, Plaintiff and Appellant,

v.

Marvin E. PEGUILLAN, Wilma J. Peguillan, his wife, Francis H. Kellogg, et al., Defendants and Respondents.

No. 15497.

Supreme Court of Utah.

Oct. 5, 1978.

Mark S. Miner, Salt Lake City, for plaintiff and appellant.

Richard A. Rappaport, Salt Lake City, for defendants and respondents.

HALL, Justice:

Plaintiff ("Haueter") appeals from a judgment dismissing his suit to quiet title to realty.

The property in question is the subject of a Uniform Real Estate Contract (the "contract") between defendants, Marvin E. Peguillan and Wilma J. Peguillan, as Sellers, and John C. Larsen as Buyer. Defendant, Francis H. Kellogg, is the assignee of the Sellers and Haueter is the assignee of the Buyer. At the time the contract was entered into, there was a judgment in favor of Cleon Thayne outstanding against the Sellers which they did not then disclose. Nevertheless pursuant to paragraph 19 of

the contract, the Sellers supplied the Buyer with a policy of title insurance and when Haueter acquired the Buyer's interest by assignment, a new policy was issued by the same company insuring Haueter. Neither policy excluded from its coverage the Thayne judgment which constituted a lien on the premises. Mr. Thayne subsequently asserted his lien and Haueter satisfied it. The title insurance carrier reimbursed Haueter in the amount expended in satisfaction of the lien and for other damages sustained. Haueter thereafter brought this action to obtain a judicial declaration that the costs of satisfying the Thayne judgment lien were a credit against the purchase price under paragraph 18 of the contract, notwithstanding the fact that he had been fully reimbursed.

Paragraphs 18 and 19 of the contract which require interpretation provide as follows:

18. In the event there are any liens or encumbrances against said premises other than those herein provided for or referred to, or in the event any liens or encumbrances other than herein provided for shall hereafter accrue against the same by acts or neglect of the Seller, then the Buyer may, at his option, pay and discharge the same and receive credit on the amount then remaining due hereunder in the amount of any such payment or payments and thereafter the payments shall equal any sums advanced as aforesaid.

19. The Seller on receiving the payments herein reserved to be paid at the time and in the manner above mentioned agrees to execute and deliver to the Buyer or assigns, a good and sufficient warranty deed conveying the title to the above described premises free and clear of all encumbrances except as herein mentioned and except as may have accrued by or through the acts or neglect of the Buyer, and to furnish at his expense, a policy of title insurance in the amount of the purchase price or at the option of the Seller, an abstract brought to date at time of sale or at any time during the term of this agreement, or at time of delivery of deed, at the option of Buyer.

The trial court, after two days of trial, dismissed the complaint with prejudice. The basis of dismissal, as revealed by the findings and conclusions, was that Haueter was not the real party in interest, any rights he may have had by reason of his payment of the Thayne judgment having been subrogated to the insurance carrier.

■ We observe that the real party in interest defense was timely raised as the rules require.[1] At least two courts have held the defense to be valid and appropriate in the circumstances of this case[2] and Haueter cites no contrary authority. It is unnecessary to rely on any doctrine of equitable subrogation; the title insurance policy specifically provides for subrogation. The trial court is affirmed on that ground.

■ There is a second basis for dismissal of the action inferable from the findings and conclusions. Paragraph 18 of the contract provides that the Buyer's costs of satisfying liens "other than those herein provided for" may be used by the Buyer as a credit against the purchase price. Paragraph 19 of the contract requires the Seller to supply an abstract or title insurance policy. In this case, the Seller supplied a title insurance policy which did not exclude from its coverage the lien Haueter satisfied. The lien was in fact, therefore, one for which the contract provided, and payment of the lien could not support an action under Paragraph 18.

■ Haueter argues that the title insurance policy under which he was reimbursed was not supplied by Sellers (Respondents) but by the Buyer named in the contract from whom Haueter took his assignment so that the insurance proceeds were "collateral source" funds and must be disregarded in this action. We do not view the insurance proceeds in this case as collateral source funds. The policy supplied as a part of the original sales transaction was reissued to

---

1. Rule 17(a), U.R.C.P.

2. *Campbell v. Campbell*, 172 Kan. 640, 243 P.2d 197 (1952); *Shambly v. Jobe-Blackley Plumbing*, 264 N.C. 456, 142 S.E.2d 18 (1965).

identify Haueter as the insured when Haueter took his assignment. The original Seller is not thereby so isolated from the insurance relationship as to bring the collateral source doctrine into play. In any event, Haueter could acquire by assignment no right of action which was not assertable by his assignor, and Haueter's assignor was protected by insurance Sellers supplied. Haueter was well advised to make certain he was covered by the title insurance policy when the contract was assigned to him, and he did so. The machinery of buyer protection contemplated by the parties to the contract and the assignment operated in accordance with their design. There is no apparent reason to afford Haueter a second reimbursement for his costs incident to satisfaction of the Thayne judgment.

Affirmed, costs to Respondents.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

